[No. 3,413.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* ANDREW ASHE.

REASONABLE DOUBT OF GUILT.—A reasonable doubt of the guilt of a person on trial for a criminal offense is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge—a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it.

PROOF OF GOOD CHARACTER A FACT FOR THE JURY.—When the proof adduced by the prosecution tends to overthrow the presumption of innocence with which the law clothes the accused and to fix upon him the perpetration of the crime, the latter is permitted to support the original presumption of innocence by proof of the fact that his personal character in the trait involved in the charge has previously been good.

IDEM.—The good character of the prisoner, when proven, is itself a fact in the case; it is a circumstance tending in a greater or less degree to establish his innocence, and it is not to be put aside by the jury, in order to ascertain if the other facts and circumstances considered by themselves do not establish his guilt beyond a reasonable doubt.

APPEAL from the County Court of San Joaquin County.

The defendant was convicted of the crime of grand larceny, and his motion for a new trial having been overruled, he appealed.

The other facts are stated in the opinion.

*D. S. Terry*, for Appellant.

Good character is a fact in the case, and should be considered with the other facts, not only for the purpose of turning

the scale in favor of the defendant in doubtful cases, but for the purpose as well of raising a doubt in cases which would not be regarded as doubtful without such evidence. (*State v. Henry*, 5 Jones, N. C., 65; 2 Russell on Crimes, 781; 1 Wharton Criminal Laws, Sec. 644; *People v. Ybarra*, 17 Cal. 170.)

*John L. Love, Attorney General*, for the People, cited *People v. Stewart*, 28 Cal. 396; *Wesley v. State*, 37 Miss. 327; *People v. Howell*, 2 Parker's Cr. R. 223; *People v. Cole*, 4 Parker's Cr. R. 36.)

By the Court, WALLACE, C. J.:

It appears by the bill of exceptions in the record that the prisoner on trial in San Joaquin County for the offense of grand larceny, introduced evidence of his previous good character for honesty, and proved by credible witnesses that he had resided in that county for some twenty years, and that during all that time his character for honesty was good, and no counter evidence upon the subject of character was offered by the prosecution.

The evidence and argument of counsel being concluded, the Court instructed the jury that "a reasonable doubt is not a mere possible or imaginary doubt, as everything relating to human affairs and depending upon moral evidence is susceptible of such doubt; it is, rather, such a state of mind as would influence a reasonable man to one course of action in preference to another in the important affairs of life; and if after full consideration of all the evidence in this case you should believe from such evidence, to the exclusion of such a state of mind, that the charge against the prisoner is true, you will bring in a verdict of guilty; otherwise, a verdict of not guilty." It is not, perhaps, the best definition of a rea-

sonable doubt to say that it is "such a state of mind as would *influence a reasonable man to one course of action in preference to another* in the important affairs of life." The definition given by Mr. Chief Justice Shaw is better: " It is that state of the case which, after the entire comparison and consideration of all the evidence leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge; * * * a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it." (*Com.* v. *Webster*, 5 Cush. 320.) But no point is made upon this instruction, and we will not notice it farther.

The Court subsequently gave the jury an instruction in reference to the evidence adduced by the prisoner in relation to his previous good character for honesty; and this instruction was as follows: " Evidence of good character is entitled to no weight, except in doubtful cases; and so in the investigation of this case you should first consider that testimony which has been admitted before you as bearing directly upon the charge made in the indictment; that is, that testimony given in favor of, and also against, the truth of the charge; and if, after full consideration of such testimony you shall be in doubt as to what is the proper verdict upon such testimony, it will then be proper for you to consider in connection therewith whatever evidence there is in the case as to the previous good character of the defendant for honesty," etc.

The substance of the instruction is, that the good character of the prisoner was not to be considered by the jury as tending to raise a reasonable doubt of his guilt, nor considered at all unless the other evidence in the case, regarded by itself, left a doubt upon the minds of the jury as to his guilt of the charge. As being in itself a circumstance tending to raise a reasonable doubt of guilt, it was to be wholly

excluded from consideration. A dictum, cited by the Attorney General in support of this view, is found in *People* v. *Stewart*, 28 Cal. 396, to the effect that a jury may properly be instructed that evidence as to previous good character is not entitled to any weight except in doubtful cases. It will be seen, however, that the only point involved in that case was as to the right of the prisoner, on trial for murder, to give evidence tending to prove that his character for peace and quiet had been good; in what way—with reference to the other evidence in the case—the jury were to consider or weigh the proof of good character, when given, was not a point arising in the case.

When the proof upon the part of the prosecution has established that the particular crime in question has been in fact committed; it is necessary to go further and show that the prisoner is the person guilty of its commission. The law at the outset clothes him with the presumption of innocence. When, therefore, the proof adduced by the prosecution tends to overthrow this presumption, and to fix upon the prisoner the perpetration of the crime, the latter is permitted to support the original presumption of innocence by proof of the fact that his personal character in the trait involved in the charge has previously been good. ( 1 Bish. Crim. Prac., Sec. 488, and cases cited in notes.) This proof of good character, coming, as it does, in aid of the general presumption of innocence, is no more to be laid out of view by the jury in their deliberations than is the original presumption itself. The good character of the prisoner, when proven, is itself a fact in the case—it is a circumstance tending, in a greater or less degree, to establish his innocence, and it is not to be put aside by the jury, in order to ascertain if the other facts and circumstances, considered by themselves, do not establish his guilt beyond a reasonable doubt. In *State* v. *Henry*, 5 Jones R. 66, the prisoner, a slave, upon trial for an assault with intent to commit rape, the evidence

being strong against him, gave evidence of his good character. The Court instructed the jury "that in a plain case a good character would not help a prisoner, but in a doubtful case he had a right to have it cast in the scales and weighed in his behalf." This was held erroneous by the Supreme Court of North Carolina. In the course of a lengthy and able opinion upon the point the Court say:

"The true rule is, that the testimony is to go to the jury and be considered by them, in connection with all the other facts and circumstances, and if they believe the accused to be guilty, they must so find, notwithstanding his good character. The pretended rule probably grew out of a remark which a Judge might very properly make to a jury, that if they believed the defendant was guilty they ought not to acquit, although he had proved that he was a man of good character. Such a remark, properly understood, does not withdraw the consideration of character from the jury; it presupposes that the testimony of character has been duly weighed by them, and it can legitimately operate only as a caution to the jury; thus the testimony is not of itself to preponderate over all the other facts and circumstances given in evidence, and thus produce an acquittal, merely because the party charged had previously borne a good character. The Judges, no doubt, insensibly fell into the habit of varying the remark, so as to give it the form and effect of the rule to which we now object. Its inconsistency has not escaped the attention and animadversions of distinguished law-writers and jurists both in England and in this country. Sir William Russell, in his work on crimes and misdemeanors, says: 'It has been usual to treat the good character of the party accused as evidence to be taken into consideration only in doubtful cases. Juries have generally been told that where the facts proved are such as to satisfy their minds of the guilt of the party, character, however excellent, is no

subject for their consideration; but when they entertain any doubt as to the guilt of the party, they may properly turn their attention to the good character which he has received. It is, however, submitted with deference, that the good character of the party accused, when satisfactorily established by competent witnesses, is an ingredient which ought *always* to be submitted to the consideration of the jury, together with the other facts and circumstances of the case. The matter of the charge, and the evidence by which it is supported, will often render such ingredient of little or no avail, but the more correct course seems to be, not in any case to withdraw it from consideration, but to leave the jury to form their own conclusion upon the evidence, whether an individual, whose character was previously unblemished, has, or has not, committed the particular crime for which he is called upon to answer.' (2 Russ. on Cri. and Mis. 704.)

"The celebrated Sergeant (afterwards Judge) Talfourd, in commenting upon these remarks, said: ' We may be permitted to add, that according to the language frequently adopted by Judges in their charges, it may be proved that character is, in no case, of any value. They say that in a clear case character has no weight, but if the case be doubtful—if the scale hangs even—the jury ought to throw the weight of the character into the scale, and allow it to turn the balance in the prisoner's favor; but the same Judges will tell juries that in every doubtful case they ought to acquit, stopping far short of the even balance, and that the prisoner is entitled to the benefit of every reasonable doubt. In clear cases, therefore, the character is of no avail, and in doubtful cases it is not wanted. It is never to be considered by the jury but when the jury would acquit without it. The sophism lies in the absolute division of cases into clear and doubtful, without considering character as an ingredient which may render that doubtful which would otherwise be clear. There may certainly be cases so made out that no

character can make them doubtful; but there may be others in which evidence given against a person without character would amount to conviction, in which a high character would produce a reasonable doubt—nay, in which character will actually outweigh evidence which might otherwise appear conclusive. It is, in truth, a fact varying greatly in its own intrinsic value, according to its nature; varying still more in its relative value, according to the proofs to which it is opposed, but always a fact, fit, like all other facts proved in the cause, to be weighed and estimated by the jury.'"

For the reasons indicated, we think there was error in the instruction as given; and the judgment is, therefore, reversed, and the cause remanded for a new trial.

Mr. Justice RHODES expressed no opinion.