[No. 3,387.]

## THE PEOPLE v. A. J. FENWICK.

ERROR WHICH DOES NO INJURY.—Although it is error, when there is evidence as to defendant's good character in a criminal case, to instruct the jury that " evidence of character can only be considered in cases where the guilt of the accused is doubtful," yet, if the evidence so conclusively establishes the guilt of the defendant that no amount of evidence of good character could have changed the result, such error does no injury and the judgment will not be disturbed.

APPEAL from the District Court, Eighteenth Judicial District, County of San Diego.

It appears from the evidence that the defendant, on the 19th of October, 1871, left the Encientes Ranch where he was living, distant thirty miles from San Diego, and went into San Diego, stopped over night at a hotel, and early next morning sought the deceased, Wilson, at a lumber yard where he was employed. He found Wilson upon a pile of lumber at work and immediately began firing at him with a revolver. Wilson endeavored to escape, but the defendant followed him up, firing repeatedly, until he fell. The defendant then drew a deringer and putting it close to Wilson's head fired again. Several of these shots took effect and Wilson lived but a short time. The defendant was indicted for murder in the first degree and at the trial offered evidence of good character. He was convicted and appealed from the judgment.

*John C. Burch* and *Creed Haymond*, for Appellant.

*The Attorney General* (represented by *G. A. Blanchard*), for Respondent.

By the COURT:

The defendant was indicted for the murder of Charles Wilson, and was convicted of murder in the first degree. At

the request of the prosecution the Court instructed the jury that " evidence of character can only be considered in cases where the guilt of the accused is doubtful." This instruction does not accord with the doctrine laid down by this Court in *People* v. *Ashe*, 44 Cal. 288. It was then held that evidence of the good character of the accused was admissible, for the very purpose of raising a doubt as to the guilt of the accused, and was to be considered by the jury, together with the other evidence in the case, in order to determine whether the accused was guilty of the offense charged. We do not question or cast any doubt upon the correctness of the doctrine of that case. The instruction in the case was erroneous, but we do not think the defendant can complain of the error, for it was productive of no injury to him. It is said in *People* v. *Ashe*, quoting the language of Sergeant TALFOURD: "There certainly may be cases so made out that no character can make them doubtful;" and it appears from the record before us, as well as from the statement of the facts of the case as made at the bar by the defendant's counsel, that this is such a case. The admitted facts in the case so conclusively establish the guilt of the defendant of murder in the first degree, that no amount of evidence of good character could possibly have changed the result.

We have carefully examined the record but find no error which was prejudicial to the defendant.

Judgment affirmed and cause remanded, with directions to carry the sentence into execution. Remittitur to issue forthwith.