[Crim. No. 548.   Department Two.—October 26, 1899.]

THE PEOPLE, Respondent, v. J. WILLIAM HOLMES, Appellant.

CRIMINAL LAW—GRAND LARCENY—MONEY TAKEN FROM PERSON OF ANOTHER—INSTRUCTIONS—INFORMATION TO JUROR.—Upon the trial of a defendant accused of grand larceny in stealing money from the person of another, where the court had fully instructed the jury as to the definition of larceny and of grand larceny, it was not error to answer the request of a juror for information as to whether a certain amount had to be taken to constitute grand larceny, by replying in the negative, and referring to and rereading the instructions given as to grand larceny, including the larceny of any property of value taken from the person of another, without regard to its value. The use of the word "degrees" in replying to the juror, as follows, "As I instructed you, grand larceny is of three kinds. I will read it to you again, and if it comes within any of those degrees, it constitutes grand larceny," is not material.

ID.—INSTRUCTION AS TO EVIDENCE OF DEFENDANT.—Where a fair and full instruction requested by the defendant as to the consideration of his testimony by the jury was given, it was not error to refuse another instruction requested by him upon the same subject which was substantially covered by the instruction given.

ID.—INSTRUCTION GIVEN AT DEFENDANT'S REQUEST—REVIEW UPON APPEAL.—The defendant cannot be heard to complain of an instruction requested by himself.

ID.—CONTINUANCE OF TIME FOR JUDGMENT—NEWLY DISCOVERED EVIDENCE—CONTRADICTION OF WITNESS FOR PROSECUTION.—It was not error to refuse to continue further the time for pronouncing judgment, in order to enable the defendant to obtain an affidavit of newly discovered evidence, which was merely contra-

dictory of a witness for the prosecution, and would not consti-
tute ground for a new trial.

APPEAL from a judgment of the Superior Court of Sacra-
mento County and from an order denying a new trial.    Matt. F.
Johnson, Judge.

The facts are stated in the opinion.

Hiram W. Johnson, and Peter J. Shields, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant
Attorney General, for Respondent.

GRAY, C.—The defendant was convicted of the crime of
grand larceny for having feloniously taken from the person of
L. H. Poston one certain twenty-dollar bill.    The crime was
committed in the city of Sacramento, at the defendant's place
of business, known as the Real Thing saloon.

1. The most of the evidence against the defendant came from
said Poston, two women who accompanied him to the saloon,
and from the defendant himself.    It would serve no useful pur-
pose to either state or analyze this evidence; we deem it suffi-
cient to say that the verdict of the jury finds ample support in
the testimony, both as to the money having been feloniously
taken from the person of Poston, and as to defendant's com-
plicity in such taking.

2. When the court had concluded the instructions to the jury
and had told the clerk to swear an officer to take charge of
the jury, a juror asked, "May I ask one question for informa-
tion, whether a certain amount has to be taken to compose
grand larceny?"    To which the court replied, "No, sir.    As I
instructed you, grand larceny is of three kinds.    I will read it
to you again, and if it comes within any of those degrees it con-
stitutes grand larceny.    Grand larceny is larceny committed in
either of the following cases: 1. When the property taken is of
a value exceeding fifty dollars; 2. When the property is taken
from the person of another; any property of value taken from
the person of another is grand larceny, without regard to its
value."    The court in an instruction previously given had
properly defined larceny to be "the felonious stealing, taking,

carrying, leading, or driving away the personal property of another," and had also given the full statutory definition of grand larceny. In view of these previous instructions, we see no error in the court's reply to the juror except, perhaps, in the use of the word "degrees," and that is immaterial.

3. At the request of defendant, the court instructed the jury as follows: "The defendant has been examined as a witness in his own behalf. This is his right, and you will consider his testimony as you would that of any other witness in determining the weight and effect to be given to it, and to be taken into consideration with other evidence in the case. You will carefully determine the amount of credibility to which his testimony is entitled, and thoroughly and impartially consider his testimony, together with all the other evidence in the case." The court refused to give the following instruction offered by defendant, to wit: "The jury have no right to disregard the testimony of the defendant on the ground alone that he is the defendant, and stands charged with the commission of a crime." The court committed no error in refusing this latter instruction. The instruction given was fair and full and substantially covered the point contained in the rejected instruction.

4. At the request of defendant, the court instructed the jury that: "The circumstances should be such as to produce nearly the same degree of certainty as that which arises from direct testimony."

The defendant cannot be heard to complain of an instruction requested by himself. (*People v. Lon Yeck*, 123 Cal. 246.)

5. There was no error in the court's refusing to continue further the time for pronouncing judgment. Several continuances had already been had, and, besides, the ground on which the continuance was asked was not good. The defendant wanted time to procure the affidavit of a witness to show newly discovered evidence. It appears that this newly discovered evidence was merely contradictory of one of the witnesses for the prosecution, and would not, therefore, have constituted any ground for a new trial.

We advise that the judgment and order denying a new trial be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Temple, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.