[Crim. No. 408. First Appellate District.—October 4, 1912.]

## THE PEOPLE, Respondent, v. LAJOS VON PERHACS, Appellant.

CRIMINAL LAW—RAPE—SEXUAL INTERCOURSE WITH GIRL UNDER SIXTEEN —SUPPORT OF VERDICT.—Upon a prosecution for rape committed by the defendant by having sexual intercourse with a young girl under sixteen years of age, who was not the wife of the defendant, it is held that the verdict of guilty of the offense charged is supported by the evidence, not only of the prosecutrix, but also of the uncontradicted evidence of an unimpeached witness to whom the defendant's guilt was practically admitted, while in jail.

ID.—CREDIBILITY AND WEIGHT OF EVIDENCE—PROVINCE OF JURY AND JUDGE.—The credibility and weight of the evidence is within the province of the jury, in the first instance, and when the verdict of guilty as charged has been rendered, it rests solely with the trial judge, in passing upon the motion for a new trial, and the order of the court in denying a new trial, after such verdict, will rarely be disturbed upon appeal.

ID.—SUFFICIENCY OF EVIDENCE WHEN DISTURBED UPON APPEAL.—The sufficiency of the evidence to support the verdict, will not be disturbed by the appellate court, save in those rare cases where it obviously appears that the testimony upon which the conviction was had is in and of itself, or when considered with the undisputed facts of the case, so inherently improbable as to be impossible of belief, and therefore must be considered in effect to be no evidence at all.

ID.—MOTION FOR A NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE—IMPEACHMENT OF WITNESS—MOTION PROPERLY DENIED.—Where a motion for a new trial, made for newly discovered evidence, shows that such evidence is, merely cumulative, and of a character impeaching the testimony of a witness for the prosecution, it shows, in its entirety, that the ground of newly discovered evidence is insufficient, and that the motion was properly denied.

ID.—EVIDENCE OF GOOD CHARACTER OF DEFENDANT—PROPER INSTRUCTION. Where there was evidence of the good character of the defendant, as to which a requested instruction was given, the court also properly instructed the jury that if, after weighing all of the evidence including that of the good character of the defendant, the jury believed him guilty beyond a reasonable doubt, they should bring in a verdict accordingly notwithstanding the fact that the defendant had previously borne a good reputation.

ID.—PROPER INSTRUCTION AS TO TESTIMONY OF PROSECUTRIX.—The court properly instructed the jury, that although they should be cautious in accepting the uncorroborated testimony of the prosecutrix, nevertheless they were not required to acquit the defendant merely because her testimony was not corroborated, and that if the jury are satisfied beyond a reasonable doubt from her testimony, that the defendant had sexual intercourse with her, within the meaning of the allegations of the information herein, it will be your duty to resolve that question of fact on the side of the people, notwithstanding no other witness has testified to the same effect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Philip C. Boardman, and A. L. O'Grady, for Appellant.

U. S. Webb, Attorney-General, and J. H. Riordan, for Respondent.

20 Cal. App.—4

LENNON, P. J.—The defendant in this case was convicted of the crime of rape. The information charged the defendant with having committed an act of sexual intercourse with a female child who was at the time under the age of sixteen years and not his wife. The defendant has appealed from the judgment and from an order denying him a new trial.

The insufficiency of the evidence to support the verdict, the alleged erroneous modification of certain requested instructions, and the refusal of the lower court to grant a new trial upon alleged newly discovered evidence are the only points urged for a reversal.

It is earnestly insisted upon behalf of the defendant that the verdict of the jury is not supported by the evidence, because the testimony of the prosecuting witness taken as a whole was so highly improbable that it is unworthy of belief.

The facts upon which the prosecution sought and secured a conviction are substantially as follows: At the age of thirteen years the prosecutrix was placed by her father in the home of and under the care and control of the defendant. The defendant was the father of several minor children, two boys and a girl, all of whom resided with him. The prosecutrix remained in the defendant's home and under his control for a period of two years or thereabouts, during all of which time she was cared for and treated as a member of his family. When the prosecutrix first entered the home of the defendant she slept in the parlor of his residence, but shortly thereafter she was assigned by the defendant's mother-in-law—who apparently was also a member of his family—to a couch, which was located in the same room that the defendant and his wife occupied as a sleeping apartment. The prosecutrix was but fifteen years of age at the time the defendant is alleged to have had intercourse with her. Her story in effect was that shortly after she was received into the home of the defendant he frequently fondled and caressed her. Sometimes this would occur when she was alone with the defendant, but oftentimes the defendant kissed and caressed her in the presence of his wife. Finally the defendant, on the sixteenth day of May, 1911, after he had retired with his wife for the night, and after the lights in the apartment had been extinguished, left his bed, went over to the prosecutrix, who had also retired, and sought her permission to share her bed. To this the pros-

ecutrix objected and audibly protested.  He pleaded, how-
ever, with her, and finally, upon the assurance of the defend-
ant's wife that no harm was meant, she assented.

Without going into further details the defendant on this
occasion, notwithstanding the presence of his wife in an adja-
cent bed, eventually succeeded in accomplishing an act of
sexual intercourse with the prosecutrix.  Upon four succeed-
ing nights the conduct of the defendant was repeated.  Sub-
sequently it developed that the prosecutrix was pregnant, and
in course of time she gave birth to a child.

Upon the trial the defendant and his wife both flatly con-
tradicted the testimony of the prosecutrix at every point.

In support of the claim that the evidence is insufficient to
maintain the verdict it is argued that it is inherently improb-
able that the defendant would attempt to perpetrate the
offense charged against him in the presence of his wife, and
that it is altogether inconceivable that the latter, who was the
mother of a girl of about the same age as the prosecutrix,
would acquiesce in and encourage its commission.

While it must be conceded that there is much force in this
contention, it is nevertheless but an argument directed against
the weight of the evidence and the credibility of the prose-
cuting witness.  Doubtless such an argument was addressed
to the jury, and presumably it was by them given the con-
sideration which it deserved.

The weight of the evidence and the credibility of the wit-
nesses are in the first instance peculiarly within the province
of the jury when deliberating upon the guilt or innocence of
a defendant; and once their verdict has been rendered the
determination of such questions rests solely with the trial
judge in passing upon a motion for a new trial.  His conclu-
sion as to the sufficiency of the evidence to support the ver-
dict will not be disturbed by this court save in those rare cases
where it obviously appears that the testimony upon which the
conviction was had is in and of itself, or when considered in
conjunction with the undisputed facts of the case, so inher-
ently improbable as to be impossible of belief, and therefore
must be considered to be in effect no evidence at all.  (*Fowden
v. Pacific Coast S. S. Co.,* 149 Cal. 151, [86 Pac. 178] ; *De
Arellanes v. De Arellanes,* 151 Cal. 443, [90 Pac. 1059] ; *Stout
v. State,* 22 Tex. App. 339, [3 S. W. 231].)

The story of the prosecutrix in the case at bar is so out of the ordinary, and so revolting in many of its details, as to be startling in the extreme; and while we doubt very much that its counterpart is to be found in the annals of criminal jurisprudence, nevertheless we are not prepared to say that it is so inherently improbable as to be absolutely unworthy of credence. Standing alone the story of the prosecutrix is difficult to believe; but it is not unbelievable merely because it portrays an exceptional depth of domestic depravity. To so hold would be, as was said in the case of *Stout* v. *State,* "purely a speculative attempt to sound the depths of human depravity and to assign arbitrary rules beyond which desire and passion are to be held incapable of seducing or impelling human nature."

But apart from these considerations, the record reveals the fact that the defendant, during his incarceration in the county jail, practically confessed his guilt to a fellow prisoner. In that behalf the defendant was quoted as saying, "I am like any other man. I like a young chicken. I did very wrong but I can't help it. I think I will get out of it."

This testimony was strengthened rather than shaken by a vigorous and searching cross-examination. The witness who gave it left the stand unimpeached; and although the defendant subsequently became a witness in his own behalf he did not attempt to explain or deny the statements attributed to him, notwithstanding that they were tantamount to a confession of guilt and were certain to weigh heavily against him in the deliberations of the jury.

Under the rule above stated we would be powerless to disturb the judgment, even if the verdict upon which it was founded had rested solely upon the uncorroborated testimony of the prosecutrix; and when considered in connection with the defendant's undisputed admission of guilt the credibility of the story told by the prosecutrix is taken out of the realm of speculation, and such testimony becomes more than sufficient to support the verdict and judgment.

Many matters of evidence are adverted to in detail by counsel for the defendant in an effort to support the claim of insufficiency of the evidence to sustain the verdict and judgment; but these likewise were matters exclusively for the

jury to determine, and it would serve no useful purpose to specifically detail and discuss them here.

The defendant's motion for a new trial was grounded in part upon the claim of newly discovered evidence; and in support of the motion the affidavits of three witnesses, who had testified on behalf of the defendant at the trial, were used. Their testimony had been introduced for the purpose of impeaching the statement of the prosecutrix that she habitually slept upon a couch in the same room with defendant and his wife. To the surprise and discomfiture of counsel for the defendant their testimony tended to corroborate rather than discredit the story told by the prosecutrix. The affidavits of these witnesses were to the effect that when testifying at the trial they were so excited and disconcerted that they gave false and mistaken testimony upon the subject of where the prosecutrix was in the habit of sleeping, and that if the defendant was granted a new trial they would testify that the prosecutrix did not sleep in the same room with the defendant and his wife.

Assuming all this to be so, and assuming further that these witnesses were in a position to testify upon the subject from their own knowledge, their modified testimony would be but corroboration of other witnesses to the same effect who so testified, and therefore, at its best, would be merely cumulative. A new trial will not be granted because of newly discovered evidence which is merely cumulative. This rule is so well settled and generally so well understood that we need not support it by the citation of authorities.

The affidavits of several prisoners in the county jail were also offered and received upon the hearing of the motion for a new trial, which tended in some slight degree to impeach the evidence of the witness who testified to the defendant's admission of guilt. No showing was made, however, in explanation of the failure to produce these affiants as witnesses at the trial, and it does not appear that with reasonable diligence their testimony could not have been had in the first instance. Moreover the only tendency of their testimony, if it had been produced, would have been to impeach the testimony of a witness for the prosecution, and therefore it was not of a character to warrant the granting of a new trial. (*People* v. *Anthony,* 56 Cal. 397; *People* v. *McCurdy,* 68 Cal. 576, [10

Pac. 207]; *People* v. *Goldenson*, 76 Cal. 328, [19 Pac. 161];
*People* v. *Holmes*, 126 Cal. 462, [58 Pac. 917].)

In its entirety we are satisfied that the showing made in
support of the motion for a new trial upon the ground of
newly discovered evidence was insufficient, and therefore the
motion was properly denied.

The defendant requested the court to give to the jury the
following instruction: "Evidence of good character is evidence
relevant to the question of guilty or not guilty, and is to be
considered by you in connection with the other facts and cir-
cumstances in the case. One object in laying it before the
jury is to induce the jury to believe, from the improbability
that a person of good character should have conducted him-
self as alleged, that there is some mistake or misrepresenta-
tion in the evidence on the part of the prosecution, and in
this connection you must take it into consideration."

This instruction was given as requested, with the modifi-
cation by the trial court that "If you are satisfied to a moral
certainty and beyond a reasonable doubt that the defendant
is guilty as charged in the information herein, it will be your
duty to so find him, notwithstanding such evidence of good
character."

Counsel for the defendant insists that the requested instruc-
tion as modified is contradictory and confusing, and that the
modification might be construed by the jury to mean that they
were at liberty to entirely disregard the evidence of the de-
fendant's good character. The instruction as modified by the
court correctly and without conflict stated the law (*People*
v. *Shepardson*, 49 Cal. 630; *People* v. *Ashe*, 44 Cal. 288;
*People* v. *Bell*, 49 Cal. 485); and no confusion as to its mean-
ing could possibly arise in the minds of the jury except upon
a strained and unreasonable interpretation of the language
employed. The plain meaning of the instruction as a whole
was that if, after weighing all the evidence, including that
of the good character of the defendant, the jury believed him
guilty beyond a reasonable doubt, they should bring in a
verdict accordingly, notwithstanding the fact that the defend-
ant had previously borne a good reputation.

At the request of the defendant the trial court also charged
the jury that, "Where, as in this case, the prosecution relies
for a conviction of the defendant upon the testimony of the

prosecutrix alone, and no other witnesses are called by the state to testify directly to the time or place or circumstances of the alleged offense, then and in such case you should view such testimony with great caution, and it is the duty of the court to warn the jury of the danger of a conviction upon such testimony." In this connection the court further charged, in the language of section 1844 of the Code of Civil Procedure, that "The direct evidence of one witness who is entitled to full credit is sufficient proof of any fact . . . "; and then proceeded to say, "This provision of the law attaches to the testimony of Catherine Clark (the prosecutrix); and therefore if you are satisfied to a moral certainty and beyond a reasonable doubt from her testimony that the defendant had sexual intercourse with her within the meaning of the allegations of the information herein it will be your duty to resolve that proposition of fact on the side of the people, notwithstanding that no other witness has testified to the same effect."

Counsel for the defendant would have us construe these instructions to mean, "that the direct testimony of Catherine Clark, who is entitled to full credit, is sufficient proof of the fact testified to by her." Obviously the instructions complained of cannot be so construed without transposing the language used and deliberately distorting the very evident purpose and intent of the instructions to advise the jury that, although they should be cautious in accepting the uncorroborated testimony of the prosecutrix, nevertheless they were not required to acquit the defendant merely because her testimony was uncorroborated. Such is the law; and in our opinion the instructions complained of could not have been given by the jury the interpretation claimed by counsel for defendant.

This disposes of all the points raised by the defendant. The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.