[Crim. Nos. 783, 784. Second Appellate District, Division One.—
November 1, 1921.]

## THE PEOPLE, Respondent, v. CARL PLUMEYER, Appellant.

[1] CRIMINAL LAW—COMMISSION OF LEWD ACT—INSTRUCTION—GOOD CHARACTER.—Where in a prosecution for the offense denounced by section 288 of the Penal Code the defendant introduced evidence of his good reputation for morality and chastity, and the court instructed the jury to consider such evidence as tending to show, from the improbability that a person of good character would have so conducted himself, that there was some mistake or misrepresentation, but to find the defendant guilty notwithstanding, if satisfied beyond a reasonable doubt that he was guilty, the refusal of a requested instruction that if defendant's good reputation was sufficient to create a reasonable doubt of his guilt, although no doubt would have otherwise existed, the jury should acquit him, was not erroneous.

[2] ID.—PRESUMPTION OF INNOCENCE—INSTRUCTION.—Where the court advised the jury that every presumption of law was in favor of the defendant's innocence and that to convict him every material fact necessary to constitute the crime charged must be proved beyond a reasonable doubt, it was not error to refuse a requested instruction that the jury must reconcile all circumstances shown with defendant's innocence and account for all facts, if possible, upon the hypothesis that he was not guilty.

[3] ID. — RIGHT TO INDIVIDUAL OPINION OF JURORS — INSTRUCTION.— Where the court correctly and sufficiently advised the jury that a verdict of guilty must be founded solely on the evidence and the law as declared by the court, it was not error to refuse an instruction that the defendant was entitled to the individual opinion of every member of the jury and that no member should vote for a conviction because of the opinion of other members as long as he himself had a reasonable doubt as to the guilt of the defendant.

[4] ID.—INTERPRETATION OF EVIDENCE—INSTRUCTION.—Where the court properly instructed the jury on the questions of reasonable doubt and burden of proof, there was no error in refusing an instruction that as between two reasonable interpretations of the evidence, one pointing to guilt and the other to innocence, the one indicating guilt should be rejected.

[5] ID. — IMPEACHMENT OF WITNESS — INCONSISTENT STATEMENTS — ERRONEOUS REFUSAL OF INSTRUCTION.—The refusal to instruct the jury that a witness may be impeached by evidence of incon-

sistent statements is error, but not a sufficient ground for reversal in view of section 4½ of article VI of the constitution, where there is ample evidence to warrant the verdict and the testimony in question is corroborated in material respects.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

Davis, Rush & MacDonald, Alfred F. MacDonald, William B. Beirne and S. W. Thompson for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was charged in an indictment of the grand jury in case No. 783 with having committed the crime denounced by section 288 of the Penal Code. The indictment contained two counts, charging separate offenses. By an information of the district attorney like charges were made in two counts, as is shown in case No. 784. The trial of the charges contained in both the indictment and information was, by agreement between the people and the defendant, had before one jury, which jury returned a verdict finding the defendant guilty upon all counts. The judgments of the court and orders denying motions for new trial followed, from which judgments and orders appeals were taken. All of the matters which are made the subject of the questions contained in the appellant's brief relate to the instructions as given and refused at the trial.

[1] The defendant, having presented witnesses who testified that his character, as to the traits involved under the charge, had previously been good, offered an instruction in the following terms: "You are instructed that in all criminal cases the law permits the defendant to introduce evidence concerning his general reputation for the trait or traits of character involved in the special case under consideration; and in this case, morality and chastity are the special traits involved, and the law permits the defendant to introduce, and he has introduced, evidence tending to show his good reputation for morality and chastity, and you are

instructed that if such good character and reputation for morality and chastity has been satisfactorily shown, it is a fact which must be taken into consideration in determining the guilt or innocence of the defendant, and you are instructed that such reputation and character of the defendant in the respects above stated may, if established to your satisfaction, of itself, be sufficient to create and generate in your minds a reasonable doubt of his guilt, although no such doubt would have existed but for such evidence of good character and reputation, and if in view of such evidence you have a reasonable doubt as to his guilt, it is your duty under the law to acquit him.'' The trial judge refused to give this instruction, indorsing upon it: ''Refused as covered.'' The instruction given on the same subject, and which was evidently regarded by the judge as sufficient, read as follows: ''Evidence of good character for the traits involved in the offense with which a defendant stands charged is relevant to the question of guilty or not guilty, and is to be considered by you in connection with the other facts and circumstances in the case. One object in laying it before the jury is to induce the jury to believe, from the improbability that a person of good character should have conducted himself as alleged, that there is some mistake or misrepresentation in the evidence on the part of the prosecution and in this connection you must take it into consideration. If, however, you are satisfied to a moral certainty and beyond a reasonable doubt that the defendant is guilty as charged, it will be your duty to so find him, notwithstanding such evidence of good character.'' It is insisted, first, that it was prejudicial error to have refused to give the instruction offered by the defendant in the terms stated, particularly that clause which was to advise the jury that the good character of the defendant being established as to the traits involved might be sufficient to create in the minds of the jury a reasonable doubt as to his guilt. Attention is called to language used in the case of *People* v. *Wilson,* 23 Cal. App. 523 [138 Pac. 971]. It was there held that the court erred in refusing instructions offered by the defendant on the question of his good character. By an examination of the decision in the Wilson case it will be found that the error noted consisted not so much in failing to give the precise instruction asked for by the defendant,

but because the court, with evidence before it touching the character of the defendant, failed to give any instruction relative to the matter, for in the decision it is stated: ''The defendant having requested the court to give the jury certain instructions pertinent to this evidence, the court refused to give any of them and failed to give to the jury any instructions whatever on the subject of the good character of the accused.'' We have here a different case and need only determine whether the instruction as given by the trial judge sufficiently expressed to the jury the law relative to the evidence of good character. In the case of *People* v. *Von Perhacs,* 20 Cal. App. 48 [127 Pac. 1048], the precise instruction which the court gave in this case was read to the jury, with the exception that there was here added the word ''however'' after the first word in the last paragraph. In the Von Perhacs case it was complained that the last paragraph, which was added by the trial court as a modification of an instruction offered by the defendant, rendered the instruction bad in that its effect upon the jury might be to lead it to believe that it was at liberty to entirely disregard the evidence of good character. The court disposed of that matter against the claim of the defendant by saying: ''The instruction as modified by the court correctly and without conflict stated the law (*People* v. *Shepardson,* 49 Cal. 630; *People* v. *Ashe,* 44 Cal. 288; *People* v. *Bell,* 49 Cal. 485) ; and no confusion as to its meaning could possibly arise in the minds of the jury except upon a strained and unreasonable interpretation of the language employed. The plain meaning of the instruction as a whole was that if, after weighing all the evidence, including that of the good character of the defendant, the jury believed him guilty beyond a reasonable doubt, they should bring in a verdict accordingly, notwithstanding the fact that the defendant had previously borne a good reputation.'' We do not consider that the addition of the word ''however'' in the last paragraph either limits or adds to the sense of the instruction as a whole. By the last paragraph, considering the language in its reasonable sense in connection with what had preceded it, the jury was advised simply that, notwithstanding that the good reputation and character of the defendant might have been established, if such evidence did not create a reasonable doubt of his guilt, it would be its duty to find him guilty.

In the body of the instruction there was sufficiently expressed in sense and meaning that proof of good character, if it induced in the minds of the jury a belief that there was mistake or misrepresentation in the evidence of the prosecution, would create a reasonable doubt as to the guilt of the accused. Such would be the necessary interpretation to be given the language employed by the ordinary reasoning mind.

The trial judge instructed the jury, in terms which have long been approved by judicial decisions, as to the presumption of innocence and the requirement that the guilt of the accused be established beyond all reasonable doubt.

[2] Appellant complains that an instruction which he offered, containing the statement as to the duty of the jury to reconcile all circumstances shown in evidence with the innocence of the defendant, and to account for all facts, if possible, upon the hypothesis that defendant was not guilty, should have been given. In one of the instructions given at the request of the defendant the court advised the jury that: "Every presumption of law is in favor of his innocence and in order to convict him of the crime alleged in the indictment every material fact necessary to constitute such crime must be proved beyond a reasonable doubt, and if the jury entertain a reasonable doubt upon any fact or element necessary to constitute such crime, it is your duty to give the defendant the benefit of such doubt and acquit him." While the instruction refused contained proper matter which might have been made a part of the charge to the jury, still the duty of the jury as therein explained would be no different from that which was indicated under the general instruction given on the subject of the presumption of innocence and the requirement that the defendant's guilt be proved beyond all reasonable doubt. To illustrate: If the evidence presented such a state of the case that one construction would lead to the conclusion that defendant was innocent, and another construction lead to the contrary conclusion, then it would seem to follow as a natural consequence that no reasonable mind would be left in such a state that it would affirm that no reasonable doubt remained as to the guilt of the defendant. The sum and demand of the law, as the court properly declared it, is that the minds of the jury must be convinced beyond a reasonable doubt of all facts essential to show guilt before such a verdict may be

returned. So if the jury interpreted the instructions as given correctly, it was furnished a definite guide which would induce the placing of the weight of evidence precisely on the side that the refused instruction indicated it should be placed.

[3] The refusal to give the instruction following is also assigned as error which prejudiced the defendant in his right to a fair trial: "You are instructed that the defendant in this case is entitled to the individual opinion of every member of the jury, and that no member of this jury should vote for a conviction of the defendant because of the opinion of other members of the jury as long as he himself has a reasonable doubt as to the guilt of the defendant." In support of his claim that it was error to refuse this instruction appellant cites *People* v. *Dole*, 122 Cal. 486 [68 Am. St. Rep. 50, 55 Pac. 581]; *People* v. *Howard*, 143 Cal. 316 [76 Pac. 1116]; *People* v. *Wong Loung*, 159 Cal. 520 [114 Pac. 829]. The case of *People* v. *Perry*, 144 Cal. 748 [78 Pac. 284], which intervenes in the chronology of the cases cited by appellant, is a case in point as against ·this claim for error. The court there declares that, where the instructions given to a jury correctly and sufficiently advise it that a verdict of guilty must be founded solely on the evidence and the law as declared by the court, no error will be held to have been committed for the refusal to give the additional advice that a defendant is entitled to the individual opinion of every member of the jury and should not vote for a conviction because of the opinion of other of his fellow-members. The logic of the decision in the Perry case is inescapable; necessarily, if a juryman is made to understand that his verdict is to be founded upon the evidence and the law as given by the court only, he must understand that all other considerations, items, and factors, such as the opinions of other jurymen, are to be excluded.

[4] The offered instruction as to the presumption of innocence accompanying the defendant throughout the trial contained a correct statement of law; nevertheless, the general instruction as given, and hereinbefore noted, was sufficient to the point sought to be covered by the instruction which was refused. The offered instruction that as between two reasonable interpretations of the evidence, one pointing to guilt and the other to innocence, the one indi-

cating guilt should be rejected, we think was not necessary to be given in view of the general instructions on the question of reasonable doubt and as to the burden of proof. The further instruction offered, specifically treating of the testimony of the defendant, who was a witness in the case, was properly refused in view of the fact that the court did very fully instruct the jury that the testimony of the defendant should be weighed by the same standard and measure as that of other witnesses in the case. Instructions offered and refused, stating the propositions that mere probabilities, nor a preponderance of the evidence merely, nor evidence establishing only a suspicion of guilt, would not warrant conviction, contained nothing not sufficiently covered in the instruction given by the court on the matter of reasonable doubt. The court properly advised the jury that it was the exclusive judge of the credibility of the witnesses, and in that connection gave the following further instruction: ''And the jury may scrutinize not only the manner of witnesses while on the stand, their relation to the case, if any, but also their degree of intelligence. A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies; his interest in the case, if any, or his bias or prejudice, if any, against one or any of the parties, by the character of his testimony, or by evidence affecting his character for truth, honesty or integrity or by contradictory evidence.'' [5] Complaint is made because the court did not include in this instruction the statement contained in section 2052 of the Code of Civil Procedure that ''a witness may also be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony.'' To make pertinent the point that the court erred in refusing to cover the matter of impeachment in the regard mentioned in the code section, appellant's counsel direct attention to the fact that, in the examination of the two boys who testified to incriminating acts, their testimony as to the number of times certain of such acts had been done by them at the request of the defendant differed from statements made before the grand jury. The refusal to cover the proposition adverted to in the manner requested by the defendant, in view of such testimony, was error. And we would conclude that this error was of such a prejudicial character as to entitle de-

fendant to a new trial were it not for the provisions of section 4½ of article VI of the state constitution. The record in the case shows that there was ample evidence to warrant the verdict of the jury and that the testimony of the boys referred to was in material respects corroborated. In that condition of the case it cannot be said that by the conviction of the defendant a miscarriage of justice has occurred.

The judgments and orders are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.