[Crim. No. 1951. First Appellate District, Division Two.—June 29, 1937.]

THE PEOPLE, Respondent, v. NARCISCO D. NAVARETTE, Appellant.

John H. Leonard for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, Acting P. J.—Defendant was charged with contributing to the delinquency of a minor. Upon a trial by

jury, he was found guilty of the offense charged. Defendant appeals from the judgment of conviction and from the order denying his motion for a new trial.

The minor, aged 19 years, had been advised by her doctor that she had tuberculosis. She went to Santa Cruz and there obtained massage treatments from defendant. During the course of one of these treatments, defendant told the minor that she should have sexual intercourse with him for the sake of her health. She questioned him and upon being reassured, she submitted to an act of sexual intercourse. Upon the trial, defendant denied the act, but it appeared that on the night of his arrest, he had been questioned by the district attorney and chief of police with a stenographic reporter present, and that he had then admitted the truth of all of the material statements contained in the story of the minor. It also appeared that a doctor had examined the minor shortly after the alleged offense had been committed. The doctor testified that the hymen had been quite recently ruptured and that there was no evidence that the minor's virginity had been previously disturbed. Defendant produced two witnesses upon the trial who gave testimony to the effect that defendant's general reputation for morality and chastity was good.

Appellant's contentions on this appeal are confined to claims of error in the giving of certain instructions and of the refusal to give certain other instructions to the jury. Appellant complains of the instructions given relating to the character evidence. These instructions were quite similar. One read as follows: "Evidence of good character is evidence relevant to the question of guilty or not guilty and is to be considered by you in connection with the other facts and circumstances in the case. But if you are satisfied to a moral certainty and beyond a reasonable doubt that the defendant is guilty as charged in the information herein, it will be your duty to so find him, notwithstanding such evidence of good character." This instruction contained a correct statement of the law. (*People* v. *Von Perhacs*, 20 Cal. App. 48 [127 Pac. 1048].) Appellant cites and relies upon *People* v. *Harris*, 80 Cal. App. 328 [251 Pac. 823], but that case is not in point. The trial court there had given a very abbreviated instruction on the subject "without further explanation, limitation or qualification" and had refused to give a correct instruction explaining the instruction given.

This was held to be error. But the court said on page 333, "If the court here had given the requested instruction *or had even gone so far as to instruct the jury that testimony of good character was to be considered as any other testimony for the purpose of determining whether or not defendant was guilty, then the instruction would not have been erroneous.*" (Italics ours.) Such was the effect of the instruction here for, "The plain meaning of the instruction as a whole was that if, after weighing all the evidence, including that of the good character of the defendant, the jury believed him guilty beyond a reasonable doubt, they should bring in a verdict accordingly, notwithstanding the fact that defendant had previously borne a good reputation." (*People* v. *Von Perhacs, supra*, p. 54.) If appellant had desired an instruction which even more fully explained the use to be made by the jury of character evidence, he should have requested such an instruction.

 Appellant also complains of one of the instructions given on the subject of the offense charged. In that instruction the jury was instructed that it was not necessary that they find that the acts of the defendant were the sole and entire cause of the minor being in danger of leading an idle, dissolute, lewd or immoral life but that it was sufficient "upon that point" if the acts would tend to cause her to lead such a life. The court then continued in the same sentence with the challenged part of the instruction as follows: "the gravamen of the offense being in that it is charged that the alleged acts did tend to cause . . . (naming the minor) to lead an idle, dissolute, lewd, or immoral life, and it is for you to determine (1) whether said acts were committed by defendant and (2) if you find they were so committed, whether or not they tended to cause said . . . (naming the minor) to lead an idle, dissolute, lewd or immoral life". Appellant makes the point that the trial court purported to instruct the jury on the "gravamen of the offense", but that it failed to include all of the necessary elements in that the instruction did not specify that the person must be under the age of majority and not the wife of the defendant. It is to be observed, however, that the trial court was instructing only "upon that point" and not upon the entire case and that it did not purport to direct a verdict of guilty upon a finding of the facts set forth in the challenged instruction. It is a familiar rule that all of the in-

structions must be read together and the trial court elsewhere fully instructed the jury upon all the elements of the offense, including the requirement that the person be a minor and not the wife of the defendant.

Appellant complains of the giving and refusing of other instructions, but it would serve no useful purpose to set them forth at length. The foregoing discussion covers the only questions which might possibly be termed debatable. We have read the entire charge and it shows that the jury was fully and fairly instructed in every respect and that the trial court did not err in the giving and refusing of the instructions mentioned.

The judgment and the order denying the motion for new trial are affirmed.

Sturtevant, J., and Ogden, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1937.