[No. 10,383.]

## THE PEOPLE *v.* CORNELIUS CASEY.

ERRONEOUS INSTRUCTION—GOOD CHARACTER AS EVIDENCE OF INTENT.—In a prosecution for murder, where there was evidence tending to show the previous good reputation of the defendant as a quiet and peaceable citizen, an instruction to the jury in the following words, given on the request of the prosecution, was erroneous, viz: "No inference can be drawn by a jury of the intention which induced the commission of the offense, from the previous character of the prisoner. His intention can only be determined by his acts. The law will imply a malicious intention."

APPEAL from the District Court of the Sixteenth Judicial District, County of Mono.

The defendant was convicted of the murder of one John W. Lewis, and was sentenced to suffer death. The facts appear in the opinion.

*P. Reddy,* for Appellant.

*Attorney-General Hamilton,* for Respondent.

By the Court, CROCKETT, J:

In a criminal prosecution, if there be a question at the trial whether the defendant committed the act imputed to him by the indictment, evidence of his previous good reputation, in respect to the particular trait involved in the inquiry, is admissible for

the defense; and such reputation, if established, is one of the facts to be considered by the jury in connection with the other facts, in arriving at a conclusion whether the defendant did or did not commit the act. The weight to which the proof of the previous good reputation of the accused is entitled is a matter for the jury, to be considered in connection with the other facts proved. (*People* v. *Ashe*, 44 Cal. 288.)

In the case at bar, the defendant was indicted for murder, and at the trial, while on the stand as a witness in his own behalf, admitted the fact of the homicide and gave his version of the circumstances under which it occurred; and if his statement of the transaction was true, it tended to prove that the killing occurred in a sudden affray, in which the deceased struck the first blow, and the fatal wound was given with a pocket knife, used in the heat of passion, and without premeditation or malice. No other witness was present at the commencement of the affray, and when first seen by the other witnesses, the parties were on the ground, the deceased on top, with his fingers clenched in the defendant's beard; and when approached by the witnesses, he said the defendant had murdered him, and immediately fell over on his side and expired without speaking further. At the trial, a witness was called for the defense, who testified without objection, that he had known the defendant since 1870, "and that during that time his character has always been that of a quiet, peaceable citizen; I never knew of his having any other difficulty." This was not the most satisfactory method of proving a previous good reputation; but as the evidence was admitted without objection, the jury was authorized to consider it, as tending in some degree to establish the good reputation of the defendant for peace and quietness. On these facts the Court, at the request of the prosecution, charged the jury that "no inference can be drawn by a jury of the intention which induced the commission of the offense, from the previous character of the prisoner. His intention can only be determined by his acts. The law will imply a malicious intention."

While it is true that in a prosecution for murder, if the killing by the defendant be admitted or proved, the law will presume malice, unless the contrary is made to appear, it is equally

true that this presumption may be rebutted. It may appear from the evidence for the prosecution that the killing was not premeditated or malicious, but was justifiable, excusable, or done in the heat of passion on a reasonable provocation. But if it does not so appear from the evidence for the prosecution, the defendant will have the right to rebut the presumption of malice by any competent evidence which tends to prove that the homicide was justifiable, excusable, or done in the heat of passion. One of the facts on which he may rely, as tending in a greater or less degree, according to the circumstances of each particular case, to rebut the presumption of malice, is a previous good reputation. In some cases, when considered in connection with the other facts, it may be entitled to little or no weight; while in others it may deserve the gravest consideration. That is a question for the jury; but it is, nevertheless, a question they are entitled to consider, in connection with the other facts proved, in deciding upon the intent with which the act was done.

The effect of the instruction was to take from the jury the consideration of the evidence in respect to the previous reputation of the defendant, in determining the question of intent; and was erroneous for the reasons above indicated.

Judgment and order reversed, and cause remanded for a new trial.