[No. 11,000.    Department Two.—November 14, 1884.]

## THE PEOPLE, RESPONDENT, *v.* WILLIS SAMSELS, APPELLANT.

CRIMINAL LAW—QUALIFICATION OF JURORS—NEW TRIAL—ARREST OF JUDGMENT.—An objection to the competency of a juror, taken for the first time after verdict rendered, cannot be availed of on motion for a new trial, nor on motion in arrest of judgment.

ID.—INSTRUCTION—JUSTIFIABLE HOMICIDE—FEAR.—An instruction by the court, at the request of the prosecution in a trial for the crime of murder, that the bare fear of an assault upon the defendant will not justify homicide, nor the fear that the deceased was about to commit a felony, unless the defendant believed there was imminent danger, *held,* not erroneous.

ID.— CHARGE OF COURT.— The charge of the court to the jury, given of its own motion, need not be marked by the judge ; it is sufficient if it appear that the charge was given.

ID.— INSTRUCTIONS — MURDER — MANSLAUGHTER — MALICE. — The court instructed the jury that the distinction between murder and manslaughter lies in the presence or absence of malice ; that the existence of malice, like any other fact, may be logically inferred by the jury from all the facts and circumstances of the case, legally proved, the weapon used, the action of the defendant at the time of the occurrence, and his previous acts and conduct. *Held,* not error.

ID.— CHARACTER.— It is not error to instruct the jury that if they believe the defendant guilty of the offense charged, they should so find, notwithstanding his good character.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*McNulty & Oglesby,* and *P. Lambert,* for Appellant.

*Attorney General Marshall,* for Respondent.

MYRICK, J.—The defendant was informed against for the crime of murder, and was convicted of murder in the second degree.

1.—Two persons, being examined as to qualifications to serve as jurors, answered that they were assessed upon the last assessment roll of the county. After the verdict, the defendant caused the index of the assessment roll to be examined, and not finding the name of either of the persons, moved for a new trial, and in arrest of judgment. *People* v. *Fair,* 43 Cal. 137, is directly in point, and adverse to the appellant.

2.—The court instructed the jury, at the request of the prosecution, that the " bare fear of an assault upon the defendant will not justify homicide, nor the fear that deceased was about to commit a felony, unless defendant believed there was imminent danger thereof." This instruction was more favorable to the defendant than he was entitled to, as it omitted the element of the reasonableness of the belief.

3.—The statute does not require that the charge of the court, given of its own motion, should be marked by the judge; it is sufficient if it appear that the charge was given, which does appear in this case.

4.—The court instructed the jury : " The distinction between

murder and manslaughter lies in the presence or absence of malice. The existence of malice, like any other fact, may be logically inferred by the jury from all the facts and circumstances of the case, legally proved, the weapon used, the action of the defendant at the time of the occurrence, and his previous acts and conduct."

We fail to see any error in this instruction. The same may be said as to the instruction regarding character, viz : " If you should believe the defendant guilty, you must so find, notwithstanding his good character."

We see no error.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

66  101
100   5

66  101
108  608

66  101
a116 250

66  101
126  382

66  101
132  264