[No. 20240.   In Bank. — March 31, 1887.]

## THE PEOPLE, RESPONDENT, v. JOHN KALKMAN, APPELLANT.

CRIMINAL LAW — ATTEMPT TO BRIBE JURY — INVESTIGATION OF BY COURT. — Pending the trial of a criminal case, the district attorney, acting upon the supposition that an attempt had been made to bribe the jury, at the close of the testimony for the prosecution called one of the jurors, and questioned him about the matter, but failed to show any attempted bribery. He thereupon, at the request of the court, stated how he had learned of the supposed bribery. The court, after discharging the jury, and instructing them to leave the court-room, proceeded to investigate the charge, and found it to be untrue. During the investigation, the attorney for the defendant requested to have the jury present. The court refused the request, and subsequently instructed the jury not to consider the matter in arriving at their verdict. *Held*, that the refusal to allow the jury to be present during the investigation was not error.

ID. — PROOF OF ALIBI — EVIDENCE OF CONVERSATIONS. — The defendant in a criminal prosecution, for the purpose of proving an *alibi*, may testify as to various acts which he claims to have done at and about the time of the alleged offense, but cannot give the particulars of conversations had between himself and others.

ID. — EVIDENCE — REPUTATION OF DEFENDANT — IMMATERIAL ERROR. — The refusal to allow a witness to testify to the good reputation of the defendant for truth, honesty, and integrity, is not a prejudicial error, if he and several other witnesses have previously testified substantially to that effect, and their evidence is not contradicted by the prosecution.

ID. — CONTRADICTORY WITNESS — DEPOSITION TAKEN ON PRELIMINARY EXAMINATION. — The refusal to allow the deposition of the prosecuting witness, taken at the preliminary examination, to be read in evidence for the purpose of contradicting him, is not error, if the deposition fails to .show any material contradiction of his testimony as given at the trial.

Id. — Jury — Proof of Guilt — Acquittal on Account of Good Char-
acter. — The jury are not justified in acquitting a defendant upon proof
of his good character, if the evidence, in spite of his good character,
convinces them beyond a reasonable doubt of his guilt.

Appeal from a judgment of the Superior Court of
Los Angeles County, and from an order refusing a new
trial.

The facts are stated in the opinion.

*Bicknell & White,* for Appellant.

*Attorney-General Johnson,* for Respondent.

Searls, C. — The defendant was convicted of an as-
sault with intent to commit robbery.

The appeal is from the final judgment entered therein,
and from an order denying a new trial.

It appeared at the trial that the prosecuting attorney
had received information from which he supposed an at-
tempt had been made to bribe one or more of the jurors,
and upon the close of his testimony for the prosecution,
he called A. J. Towner, one of the jurors impaneled in
the case, and interrogated him in relation thereto.

The testimony of the juror failed to show the at-
tempted bribery.  Thereupon the prosecuting officer, at
the request of the court, stated that he was informed
that morning by one Hathaway that he (Hathaway) was
offered one hundred dollars to hang the jury.  Hathaway
was a juror in attendance upon the court, but not a juror
in this particular case.

Both counsel for the people and the defendant there-
upon asked for a full investigation of the matter, and
the court, after discharging the jury, and instructing
them to leave court, heard further testimony tending
to show that whatever offers of bribery had been made
came from an intoxicated reporter, who was quite un-
conscious of any attempted wrong.

After a portion of the testimony had been taken,

counsel for defendant contended they were entitled to have the jury present to hear the testimony.

The court held in substance that the jury was not entitled to hear the testimony on this point, and that he would give them proper instructions on the subject.

It is sufficient to say that no exception seems to have been taken on behalf of defendant to the action of the court in sending the jury out during the investigation of this question. Waiving this technicality, however, and we are of opinion no error was committed.

The investigation was as to a matter entirely *dehors* the trial, and the jurors had practically heard nothing pertaining to it except the statement of the prosecuting attorney.

The jury was instructed by the court very fully, and most explicity, that they must divest their minds of any and all statements, except those admitted in evidence, whether from counsel or witnesses, and that they were " not to consider at all the matter that was investigated, growing out of the placing of one of the jurors on the witness-stand. The court instructs you, you are to dismiss that matter entirely from your minds in considering this case; you will not consider it at all as bearing upon the case in any shape or form whatever."

The district attorney was not only justified in bringing the matter to the attention of the court, but it was his duty to do so. The manner of the exercise of that duty may not have been the best that could have been selected, but we see in it nothing calling for condemnation or a reversal of the judgment.

Defendant offered himself as a witness, and among other things, for the purpose of proving an *alibi*, testified as to the hour at which he left the shop in which he was working, the distance therefrom to the scene of the alleged assault, the persons whom he met, what was done by him and such persons, his estimate of the time consumed, etc.

The court refused to permit him to detail the particular conversations he had with persons whom he met, holding his declaration inadmissible, but permitted him to show what was done, time consumed, etc.

Similar rulings were made on like offers to prove what was said by other witnesses who met and conversed with the defendant, and these rulings are assigned as errors.

These declarations formed no part of the *res gestæ*, and under the rule that declarations of a party in his own favor are not admissible, were properly excluded.

It is further urged that " the court erred in refusing to permit defendant to prove that his general reputation for truth, honesty, and integrity was good in the place of his former residence."

The testimony shows that defendant had formerly lived at Sioux City and Lemars, in the state of Iowa; that he came to California about one year previous to the trial, and had since lived in Los Angeles.

The witness Charles Yager had left Iowa four years prior to the trial, and was asked the following question:—

" Q. —Before you left— before the time you left—did you know his [defendant's] general reputation for honesty and integrity in that community? "

The question was objected to as irrelevant and immaterial, and the objection sustained, to which ruling counsel for defendant excepted.

By reference to the record, we find that prior to this ruling Yager had in fact testified as follows:—

"I knew him [defendant] four years, working in the East. I sent for him to come out. I never heard anything about his reputation for integrity. I know about his honesty. Never heard anything wrong about it."

Albert La Rue testified to knowing defendant four years in Iowa, and that he had a good reputation there.

B. Monahan testified similarly, and Jacob Bloomer testified to a knowledge of him for twelve or thirteen

years in Iowa, and that his reputation was good both there and here.

Several other witnesses testified to his good reputation in Los Angeles.

There was no conflicting testimony offered.

If it be conceded that it was competent for the witness to testify as to the general reputation of defendant at the time he knew him in Iowa, although it was four years anterior to the trial, yet in view of the fact that he had previously testified substantially to the same effect, and that this testimony was not stricken out, and in view of the number of witnesses who testified without contradiction to the same fact, we do not deem the error as one from which defendant has suffered in his rights.

The fifth error assigned is, that the court did not allow the deposition of the prosecuting witness, taken at the preliminary examination, to be read in evidence to contradict the witness.

The witness was asked at the trial if he had testified at the preliminary examination "that Kalkman had struck him behind"; to which he answered, "No, sir. The first blow, I testified, I got in the face; I turned around, and he came behind me and struck me in the face. At the preliminary examination I testified that some one came behind and struck me. He did not strike me in the back."

We need not discuss the question made by appellant, for the reason that the portions of the deposition sought to be introduced failed to show any material contradiction of the testimony of the witness as given at the trial.

There was no error in the addition made by the court to the instruction of defendant.

The jury had been fully instructed upon the question of reasonable doubt, and had been very properly informed that testimony as to good character was entitled to consideration in the case.

The language of the instruction was as follows:—

"Proof of such good character may be sufficient to justify an acquittal, although without it no acquittal would have been had"; to which the court added, "unless in spite of such good character, the evidence yet convinces you beyond a reasonable doubt of defendant's guilt."

In *People* v. *Samsels*, 66 Cal. 99, the court below instructed the jury as follows: "If you should believe the defendant guilty, you must so find, notwithstanding his good character"; and this court held the instruction proper.

We are of opinion the order and judgment appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.