| 27 | 375; |
|---|---|
| 41 | 625 |

</div>

[No. 4076.   Decided February 18, 1902.]

THE STATE OF WASHINGTON, *Respondent*, v. ALFRED HAWKINS, *Appellant*.

CRIMINAL LAW — LIEUTENANT GOVERNOR AS COUNSEL FOR PROSECUTION — HARMLESS ERROR.

The fact that the lieutenant governor assisted the prosecuting attorney in the prosecution of one accused of murder would not constitute error by reason of the possibility of the lieutenant governor succeeding to the office of governor and being called upon to exercise the power to pardon or commute the sentence of convicts, where the lieutenant governor had been associated in the prosecution of the case prior to his election to the office, and had received whatever impressions against the accused he might have while still a private individual.

WITNESS — CROSS-EXAMINATION.

Where a witness had testified on direct examination as to the sobriety of accused prior to the shooting, but had not been

called upon to testify as to his condition after he had been put in jail, it was proper for the court to exclude cross-examination of the witness as to what condition he found the accused in jail when the witness went in after him.

ARGUMENT OF COUNSEL — ERROR CURED BY INSTRUCTIONS.

Improper argument of the prosecuting attorney in commenting on the fact that the defendant failed to put witnesses on the stand to prove his good character was cured by the immediate instruction of the court that the jury should not consider any remarks made by counsel reflecting upon the character of the defendant, as his character was presumed to be good.

Appeal from Superior Court, Whatcom County.—Hon. JEREMIAH NETERER, Judge. Affirmed.

*John B. Wright* and *R. H. Lindsay,* for appellant.

*M. P. Hurd, Henry McBride* and *A. E. Mead,* for the State.

The opinion of the court was delivered by

DUNBAR, J.—Appellant was convicted of murder in the first degree, and judgment and sentence of execution was pronounced. From such judgment appeal is taken to this court. The first assignment of error is that the court erred in permitting Hon. Henry McBride, the lieutenant governor of this state, to appear and prosecute said defendant. This assignment is based upon the fact that the law creates the governor of this state a court of mercy, in which is vested the pardoning power and the right to commute the death sentence; that under the law the party appealing for pardon or commutation has a right to appeal to an impartial tribunal, and that a prosecuting officer cannot be such an impartial tribunal. But, without passing upon the question of whether or not in ordinary circumstances the law places any inhibition upon the right of the lieutenant governor to appear in the prosecution of a person accused of an offense against the laws of the state, in this instance

it appears from the record that Henry McBride, to whom the objection is directed and who assisted in prosecuting the appellant, had been associated with the prosecuting attorney of Skagit county in the prosecution of this cause and this appellant prior to the time that he was elected lieutenant governor of the state, this having been the second trial for this offense to which the appellant was subjected, and the judgment following the first trial having been reversed by order of this court on appeal. So that, if an acquaintance with the facts of the case arising from prosecution of it would tend to influence a lieutenant governor who under the law was liable to become an acting governor, that information had already been furnished in this case. Practically, therefore, there is no merit in the assignment.

The second contention is that the court erred in sustaining the objection of the prosecution to the following question, "In what condition did you find Hamilton in the jail when you went in after him ?" Witness had testified to the condition of Hamilton, the defendant, as to being sober prior to the shooting, but had not testified or been called upon to testify in relation to his condition after he had gone to the jail, and the question was in no sense proper cross-examination. It may have been competent for the defendant to prove his condition after he had been confined in the jail, but if so it could be proven only by direct testimony, or on cross-examination where the witness had testified to his condition at that time and place.

The next contention is that it was error for the prosecuting attorney in his opening argument to comment to the jury on the fact that the defendant failed to put witnesses on the stand to prove his good character, and that that error was not cured by an instruction from the judge to the jury to disregard such comments. Immediately upon

the making of the remarks objected to, the court instructed the jury not to consider any remark made by counsel reflecting upon the character of the accused, for the reason that the defendant's character was presumed to be good. We do not think under the circumstances that the remarks of the counsel should work a reversal of the judgment in this cause, for the prompt instruction of the court that they should not consider these remarks, and that the defendant's character was presumed to be good, we think fully cured the error committed by the prosecuting attorney. If every indiscreet remark that is made by an attorney in the prosecution of a criminal action or every mistaken idea of the law which may find expression through him would necessitate the discharge of the jury and the retrial of the action, the prosecution of criminal trials would be so hampered and impeded that they would become comparatively impracticable; and, considering the importance which attaches to every remark of the court in the minds of jurors, it appears certain to us that the instruction of the court deprived the remarks of counsel of any prejudicial influence on the interests of the defendant.

These being all the errors assigned, the judgment is affirmed.

REAVIS, C. J., and WHITE, MOUNT, FULLERTON, ANDERS and HADLEY, JJ., concur.