[Crim. No. 917.   Department One.—September 2, 1902.]

THE PEOPLE, Respondent, v. JACK FRENCH, Appellant; GEORGE HOAGLAND et al., Co-Defendants.

CRIMINAL LAW—GRAND LARCENY—PREVIOUS GOOD CHARACTER—INSTRUC-
TION.—Upon a prosecution for grand larceny, where there was testimony to the previous good character of the defendant, it was error to refuse an instruction that evidence of good character is relevant to the question of guilty or not guilty, and is to be considered by the jury in connection with the other facts of the case. Such instruction does not charge the jury as to matters of fact.

ID.—TESTIMONY TO REPUTATION—QUESTION FOR JURY.—A witness who testified that he knew the general reputation of the defendant, and that it was good so far as he knew, testified to more than his personal opinion. The weight of such evidence was for the jury to determine.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. James M. Mannon, Judge.

The facts are stated in the opinion.

Weldon & Held, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and W. A. Poage, District Attorney, for Respondent.

CHIPMAN, C.—Appellant, French, with two other defendants, was informed against for the crime of grand larceny by stealing certain cattle in Trinity County and afterwards driving them into Mendocino County and there selling them. French had a separate trial, and was found guilty. He appeals from the judgment of conviction and from the order denying motion for a new trial.

Defendant asked and was refused an instruction, numbered nine, that "evidence of good character is evidence relevant to the question of guilty or not guilty, and is to be considered by you in connection with the other facts," etc. This instruction was the same in form as was held to have been erroneously

refused in *People* v. *Shepardson,* 49 Cal. 629. Four witnesses testified to the previous good character of defendant. All were asked the question whether they knew the general reputation of defendant in the community where he lived, for truth, honesty, and integrity. One witness answered that it is good as far as he knew, but did not say he knew what his general reputation is. Two of the other witnesses testified to a knowledge of his reputation, and in reply to the question whether "it is good or bad," said, "It is good as far as I know." The fourth witness testified directly that his general reputation for the qualities of character named is good. The attorney-general claims,—1. That this does not amount to evidence of good character; and 2. That the instruction violated the constitutional provision forbidding judges to charge juries with respect to matters of fact. We cannot so regard the testimony. When a witness says he knows the general reputation, and further answers that it is good as far as he knows, the testimony amounts to something more than the personal opinion of the witness. The weight of such evidence was with the jury. The question involved was fully considered in *People* v. *Ashe,* 44 Cal. 288, and this case has been cited with approval in several subsequent cases besides the Shepardson case. (See *People* v. *Fenwick,* 45 Cal. 287; *People* v. *Bell,* 49 Cal. 485; *People* v. *Casey,* 53 Cal. 360; *People* v. *Doggett,* 62 Cal. 27.)

The instruction did not violate the constitutional inhibition.

The other questions involved in the appeal may not arise on a retrial, and we therefore express no opinion upon them.

For the error above pointed out the judgment and order should be reversed, and it is so advised.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Van Dyke, J., Harrison, J., Garoutte, J.