SARAH TURNER v. STATE OF MISSISSIPPI.

[48 South. 409.]

CRIMINAL LAW AND PROCEDURE. *Improper argument. Character. Evidence. Failure to offer.*

It is improper in a criminal case for a prosecuting lawyer to comment in his argument to the jury upon defendant's failure to offer evidence of her previous character; and, proper objection being ineffectually made thereto, it is reversible error unless defendant's guilt be overwhelmingly shown.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Madame Turner, appellant, was indicted and tried for the murder of one Joseph Turner, convicted of manslaughter, sentenced to the penitentiary for a term of three years, and appealed to the supreme court.

The opinion of the court sufficiently states the facts.

*Evans & Hardy,* for appellant.

The remarks of counsel for the prosecution, made in the argument before the jury, constituted reversible error. *Brown v. State,* 81 Miss. 143.

The appellant did not choose to introduce in evidence her good character, hence the state could not introduce evidence as to her character being bad. Greenleaf, Ev. (16th ed.), 39, § 14, b.

"It is prejudicial error entitling the defendant to be granted a new trial to allow counsel for the prosecution in his argument to the jury to comment upon the failure of the defendant to offer evidence of his previous good character." 12 Cyc. 578.

"Such argument, made over objection of defendant but with consent of the court, in effect destroys the presumption in favor of the accused, and allows the jury to infer that defendant's character is bad, because he has not produced proof to the con-

trary. *McKnight v. United States,* 97 Fed. 208, 38 C. C. A. 115.

*George Butler,* assistant attorney-general, for appellee.,

The statement of learned counsel assisting in the prosecution was improper and unwarranted; but it should not work a reversal of the judgment below where, as shown by the whole record, the result of the trial was proper. Jurors are presumed to be men of intelligence and discretion. The presumption is not to be indulged that they are swept from their feet or unduly prejudiced by every side remark of counsel.

WHITFIELD, C. J., delivered the opinion of the court.

During the progress of the trial of this case, which is an exceedingly close one on its facts, special counsel employed to assist the district attorney in the prosecution, in the course of his argument to the jury, used the following language: "She says that she has witnesses to prove her good character. Why didn't old Sarah Turner bring her witnesses here to testify to her good character, if she has witnesses to prove her good character? The state cannot introduce evidence of her bad character until the defendant has put in her good character." To this the defendant then and there excepted. The court does not seem to have sustained the exception or to have directed counsel to stop that line of argument; nor did the court give a single instruction directing the jury not to regard this statement.

In 12 Cyc. 578, it is said: "So it is prejudicial error entitling the defendant to be granted a new trial to allow counsel for the prosecution in his argument to the jury to comment upon the failure of the defendant to offer evidence of his previous character." In *McKnight v. United States,* 97 Fed. 208, 38 C. C. A. 115, it is said: "Such argument made over objection with the consent of the court, in effect destroys the presumption in favor of the accused, and allows the jury to infer that his character is bad, because he has not produced proof to the contrary."

To the same effect are many other authorities. Indeed, the proposition is elementary. We would not in a case where the right result had manifestly been reached, where guilt was overwhelmingly shown, reverse for this sort of error alone; but in this case the guilt is not so shown, and it is not at all clear from the testimony that the defendant is guilty of the crime charged.

*Reversed and remanded.*