De Jean *et al.* v. State.

[66 South. 411.]

1. CRIMINAL LAW. *Appeal. Misconduct of prosecutor. Argument. Witnesses. Cross-examination of accused.*
    In a prosecution for unlawful cohabitation where the proof was only circumstantial and where defendant's character which had not been put in evidence, was important on the question of his guilt, it was reversible error for the district attorney, in his argument to the jury, to comment on the failure of the defendant to introduce evidence of his previous character.

2. WITNESSES. *Cross-exaination of accused.*
    In a prosecution for unlawful cohabitation, it was improper for the district attorney on cross-examination, of defendant to ask him, if his father-in-law and his son had not run him out of their house on account of his association with his codefendant, and if he had not been expelled from the Elks, and if his codefendant had been horsewhipped and run out of town on account of her association with him.

APPEAL from the circuit court of Harrison county.
HON. J. I. BALLENGER, Judge.

L. P. De Jean, was convicted of unlawful cohabitation and appeals.

The questions asked appellant De Jean by the district attorney referred to in the opinion are as follows:

Q. Isn't it a fact that your father-in-law ran you out of the house on account of your association with this woman? (Objected to. Sustained.) A. No, sir; my

father-in-law lived with me. We lived there until my son-in-law completed rooms upstairs over his residence.

Q. Didn't your son run you out of his house because of your association with this woman? (Objection. Overruled. Exception.) A. No, sir.

Q. Isn't it a fact that your son doesn't speak to you on account of your association with this woman? (Objection. Sustained. Exception.)

Q. Isn't it a fact that your son repeatedly interfered between you and this woman and endeavored to get you to leave this woman? (Objection sustained.)

Q. Isn't it a fact that you were expelled from the Elks on account of living with this woman? (Objection. Sustained.)

Q. Isn't it a fact that the citizens of Pascagoula horsewhipped this woman and ran her out of town because you lived with her? (Objection. Overruled.) A. No, sir; not that I know of, only from hearsay they notified her some while after, but I know nothing of it.

*Mize & Mize,* for appellants.

*Ross A. Collins,* Attorney-General, for the State.

REED, J., delivered the opinion of the court.

Appellants were tried and convicted upon the charge of unlawful cohabitation. There is evidence to support the verdict of the jury. The offense was proved by circumstances.

We reverse this case because the district attorney in his closing argument commented upon the failure of appellant, De Jean, to offer evidence of his previous character. Objections were made to the language used, and the objections were overruled. We quote from the special bill of exceptions as follows:

"Gentlemen of the jury, the defendant here says that he has been a business man over in Pascagoula for twen-

ty-five years. Yes, his attorneys say that the defendant has lived in Pascagoula for twenty-five or thirty years, and has evidently been a successful man, has raised a family there, and this is the first time he has been indicted for crime, never has been convicted of any crime. Yet he has not brought a single witness from over there among all those people who have known him for twenty-five or thirty years to testify about his character.''

''The defendant says he has a son thirty-five years old living in Pascagoula. This son has not been present at this trial, and is it not a strange thing that this son did not come over and testify on behalf of the defendant?''

The prosecuting attorney should not have commented as he did in his argument to the jury upon appellant, De Jean's failure to introduce testimony of his previous character. His character had not been put in evidence. This comment by the district attorney in his argument is prejudicial error in this case where the proof is by circumstantial evidence and defendant's character is an element of importance in the question of his guilt. *Turner* v. *State,* 94 Miss. 458, 48 So. 409, 19 Ann. Cas. 407.

Appellants contend that there was error in the propounding of the questions to appellant, De Jean, by the district attorney, which are set out in the fifth paragraph of the assignment of errors. It was improper to ask these questions, and we think that the court should have sustained objections to all of them. However, we do not say that we would have reversed this case upon the error alone contained in this interrogation of defendant.

*Reversed and remanded.*