[Crim. No. 1347. Second Appellate District, Division Two.—December 16, 1926.]

## THE PEOPLE, Respondent, v. WILLIAM EDWARD HARRIS, Appellant.

[1] CRIMINAL LAW—VIOLATION OF WRIGHT ACT — ENTRAPMENT — EVI-
DENCE—INSTRUCTIONS.—In this prosecution for a violation of the Wright Act, the testimony not having been sufficient to justify the jury in saying that defendant was inveigled into the commission of the crime—he merely having been asked to procure the liquor for the purchasers—the trial court did not err in refusing defendant's requested instruction to the effect ·that where the officers are guilty of entrapment, no crime was in fact committed.

[2] ID.—AGENCY—EVIDENCE—INSTRUCTIONS.—In such prosecution, the evidence was not sufficient to justify defendant's requested instruction to the effect that, if defendant was acting as agent for the officers in the purchase of the liquor, he was guilty of no offense.

[3] ID. — EVIDENCE — GOOD CHARACTER—REASONABLE DOUBT—INSTRUC-
TIONS.—In such prosecution, the court erred in refusing defendant's requested instruction that "good character itself may, in connection with the evidence, generate a reasonable doubt and entitle the defendant to an acquittal, even though without said proof of good character you should convict," and in giving in lieu thereof an instruction that "if you believe from evidence beyond a reasonable doubt that the defendant is guilty, then you should so find, notwithstanding proof of his good general reputation as a peaceable and law abiding citizen," which instruction was given without further explanation, limitation, or qualification.

[4] ID.—FAILURE TO CALL SUPERIOR OFFICER—MISCONDUCT OF DISTRICT
ATTORNEY — ERRONEOUS ARGUMENT TO JURY — INSTRUCTIONS. — In such prosecution, notwithstanding the defendant, a deputy sheriff, had called several character witnesses, all of whom testified to his good reputation as a peaceable and law-abiding citizen prior to the arrest, it was error for the district attorney, in his argument to the jury, to refer to the fact that defendant did not call to testify as to his good character either the sheriff or his chief deputies; and where the court overruled defendant's exception and did not advise the jury with reference thereto, such error was not cured by the instruction, included in the general charge, that neither the defendant nor the prosecution was required to call

---

1. Entrapment to commit crime with view to prosecution therefor, note, 18 A. L. R. 146.

3. See 8 Cal. Jur. 344.

all persons shown to be present or who may appear to have some knowledge of the matters here on trial.

[5] ID.—INDIVIDUAL OPINION OF JURORS—INSTRUCTIONS—PREJUDICIAL ERROR.—In such prosecution, it was error for the trial court to refuse to instruct the jury that defendant was entitled to the individual opinion of the jurors; and, while such error, standing alone, did not constitute prejudicial error under section 4½ of article VI of the constitution, the evidence was such that, if that and other errors had not been committed, a contrary verdict might have been rendered, and, therefore, the error was prejudicial.

[6] ID. — FRATERNAL AFFILIATIONS — INSTRUCTIONS. — In such prosecution, the evidence having developed the fact that defendant was a member of the Benevolent and Protective Order of Elks, an instruction to the jury that if any of them were members of the order of Elks they should remember that their duty as jurors transcended in importance any obligations they might under other circumstances feel toward the defendant by reason of being a member of the same order, was but another way of saying that no relationship, fraternal or otherwise, should be permitted to influence them in arriving at a verdict.

---

(1) 16 C. J., p. 88, n. 45, p. 89, n. 51, p. 90, n. 60.    (2) 16 C. J., p. 1043, n. 37, p. 1045, n. 39.    (3) 16 C. J., p. 584, n. 70, p. 980, n. 82, 87, p. 982, n. 2.    (4) 16 C. J., p. 859, n. 7, p. 905, n. 78, p. 917, n. 66.    (5) 16 C. J., p. 1028, n. 45, p. 1029, n. 54 New; 17 C. J., p. 369, n. 11.    (6) 16 C. J., p. 961, n. 81.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Reversed.

The facts are stated in the opinion of the court.

Howell W. Richardson and Thomas E. Parke for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

THOMPSON, J.—In this action the appellant was charged in three counts with the sale of intoxicating liquors contrary to the Wright Act. He was acquitted upon the first and third counts and convicted on the second. All three sales

---

5.   See 8 Cal. Jur. 374.

were alleged to have been made within fourteen days—the first, on July 26, 1925; the second, the one for which defendant was convicted, on August 2, 1925, and the third on August 9, 1925. The testimony shows that the defendant was a deputy sheriff, running a lunch-room at Topango Canyon in the county of Los Angeles; that two members of the sheriff's office went to Topango Canyon for a couple of weeks in search of purveyors of illicit liquor and simulated drunkenness with the object of allaying suspicion as to their real purpose. Defendant's witnesses testified that the intoxication was not simulated, but existed in fact. Evidence was introduced to show that on July 26th, one of the arresting officers, McDonald, purchased a pint bottle of liquor; that on August 2d, McDonald and the other deputy, Frazier, purchased two pint bottles; that on August 9th, they again purchased two pint bottles. Preliminary to the first purchase, McDonald asked the defendant "if he knew where" he "could get a little something to drink"; that he "wanted to get some whisky," to which the defendant replied, "I have got a little. I can let you have some." A day or two prior to this McDonald had a conversation with the defendant in which, upon the initiative of McDonald, it was understood that both McDonald and the defendant belonged to the Benevolent and Protective Order of Elks. On the other two occasions of purchase, McDonald had asked the defendant a day or so before the alleged purchase as a favor to him, to get some liquor. Several character witnesses were called, all of whom testified to the good reputation of the defendant as a peaceable and law-abiding citizen prior to the arrest. The appeal is from the judgment and from an order denying defendant's motion for a new trial.

This *résumé*, we think, gives the essential testimony, including the evidence directed toward the first and third counts, so far as is necessary to a proper understanding of the points urged by appellant.

[1] We will first consider the assignment urged by appellant that it was error for the trial court to fail to give an instruction to the effect that where the officers are guilty of entrapment, no crime was in fact committed. The basis or fundamental reason for such a rule lies in the fact that in those cases where the officers have by their actions been the inducing cause of the commission of the acts constituting

the offense, or, in other words, where they have been the procuring cause or instigators of the criminal intent, it would be contrary to a sound public policy to permit the victim thus entrapped to be convicted. (*Woo Wai* v. *United States,* 223 Fed. 412; *United States* v. *Echols,* 253 Fed. 862; *People* v. *Barkdoll,* 36 Cal. App. 25 [171 Pac. 440]; *In re Moore,* 70 Cal. App. 483 [233 Pac. 805]; *People* v. *Norcross,* 71 Cal. App. 2 [234 Pac. 438].)

However, we do not see in the testimony here sufficient to justify the jury in saying that the defendant was inveigled into the commission of the crime. He was asked to procure the liquor for the purchasers. He may have believed them to be addicted to its use by their actions. But sales are made by some indication on the part of the buyer of his desire or willingness to buy. That is in effect all the testimony amounts to. There were no seeds planted by the officers from which might be germinated the idea in defendant's mind that the sale of intoxicating liquors offered an avenue for a lucrative income, such as was the case in *Woo Wai* v. *United States, supra.* Therefore, there was no error in refusing the instruction.

[2] Nor do we think this evidence was sufficient to justify the instruction which the defendant asked for and which the court refused to the effect that if the defendant was acting as agent for the officers in the purchase of the liquor he was guilty of no offense. The court rejected a claim of agency much more clearly established in the case of *In re Moore, supra.*

[3] The next specification of error which we shall consider is the refusal of the court to give the instruction "You, the jury, are instructed that good character itself may, in connection with the evidence, generate a reasonable doubt and entitle the defendant to an acquittal, even though without said proof of good character you should convict," and the giving by the court of the following instruction in lieu thereof: "The court instructs the jury that if you believe from evidence beyond a reasonable doubt that the defendant is guilty, then you should so find, notwithstanding proof of his good general reputation as a peaceable and law abiding citizen." This last instruction was given by the court without further explanation, limitation, or qualification.

There can be no question but that the requested instruction was a correct statement of a proposition of law relative to character testimony. As was said by our supreme court in the case of *People* v. *Ashe,* 44 Cal. 288, quoting from *State* v. *Henry,* 50 N. C. (5 Jones) 65, which last case quoted Sergeant Talfourd: " 'There may certainly be cases so made out that no character can make them doubtful; but there may be others in which evidence given against a person without character would amount to a conviction, in which a high character *would produce a reasonable doubt* (italics ours)— nay, in which character will actually outweigh evidence which might otherwise appear conclusive.' " In commenting upon the attempt to say that character testimony is only useful in doubtful cases, it is also there said, quoting from the same source: " 'The sophism lies in the absolute division of cases into clear and doubtful without considering character as an ingredient which may render that doubtful which would otherwise be clear.' " In the case of *People* v. *Bell,* 49 Cal. 485, the court refused an instruction closely akin to the one refused here, to wit: "If the defendant be proved of good character as a man of peace, such good character may be sufficient to create or generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character," and gave in its place the following: "The good character of the defendant is a circumstance in the case for your consideration in making up your verdict." The supreme court held this to be error in the following language: "It is important in every criminal case, and especially so when the inculpatory proof is circumstantial in its character, that the jury should be instructed, if the prisoner so requested, that in determining that whether or not he is guilty beyond a reasonable doubt, his good reputation if he has such, as to traits involved in the charge, should be weighed as any other fact established, and that it may be sufficient to create a reasonable doubt as to his guilt." In the last-mentioned cause the judgment was reversed for this error. Here the jury were told in effect that they might disregard character testimony if they were otherwise convinced of defendant's guilt. Such is not the law, and it has been so held in *People* v. *Ashe, supra, People* v. *Raina,* 45 Cal. 292, *People* v. *Bell, supra, People* v. *Casey,* 53 Cal. 360, *People* v. *Doggett,* 62 Cal. 27, and in *People* v. *French,*

137 Cal. 218 [69 Pac. 1063]. If the court here had given the requested instruction or had even gone so far as to instruct the jury that testimony of good character was to be considered as any other testimony for the purpose of determining whether or not the defendant was guilty, then the instruction would not have been erroneous. (*People* v. *Kalkman*, 72 Cal. 212 [13 Pac. 500], *People* v. *Mitchell*, 129 Cal. 584 [62 Pac. 187], and *People* v. *Von Perhacs*, 20 Cal. App. 48 [127 Pac. 1048].) But in this case the jury were not properly instructed and were erroneously instructed concerning the use to be made of the testimony relative to the good character of the defendant, and we must hold that the failure to instruct, and the giving of the instruction, constitutes error.

[4] Related to this specification of error is the error claimed by reason of alleged misconduct on the part of the district attorney, it having to do also with the character of the defendant. The district attorney in his argument referred to the fact that the defendant did not call to testify as to his good character either the sheriff, Chief Deputy Sheriff Biscailuz, or Chief Deputy Harry Wright, who were his superior officers. Exception was taken to the argument, but the court stated it to be within the bounds of argument and did not advise the jury. It is true that in instruction No. 14 the court instructed the jury that neither the defendant nor the prosecution was required to call all persons shown to be present or who may appear to have some knowledge of the matters here on trial. In view of the instruction concerning the testimony with respect to good character, however, we are not of the opinion that the error, if it was error, was cured. In *State* v. *Hawkins*, 27 Wash. 375 [67 Pac. 814], it was held that the error was not cured by an instruction from the judge to disregard the comments. It has been held erroneous for the district attorney to discuss unfavorably the failure of the accused to produce witnesses if they were equally available to the state. (*Brown* v. *State*, 98 Miss. 786 [34 L. R. A. (N. S.) 811, and note, 54 South. 305].) And in *People* v. *Smith*, 121 Cal. 355 [53 Pac. 802], it was held to be prejudicially erroneous for the district attorney to comment upon the failure of the defendant to call a witness, to the effect that it must be presumed that his testimony would have been

adverse to the defense. The court there states: "The rule is universal that it is error to permit counsel, against objection, in argument before the jury, to make statements of, or comments upon, facts not in evidence; and, unless the court can see clearly that the error was as to some matter which could not in its nature have prejudiced the defendant's case, the judgment will be reversed," and it seems to be well settled where the defendant in a criminal proceeding has not put his reputation in issue that it is improper for the prosecuting attorney to argue or infer therefrom that the character of the defendant is not good or argue that the state cannot introduce evidence of bad character until the defendant has introduced evidence of good character. To this effect are *Turner* v. *State,* 94 Miss. 458 [19 Ann. Cas. 407, 48 South. 409]; *State* v. *Hawkins, supra; Cline* v. *State* (Tex. Cr.), 71 S. W. 23; *State* v. *Blodgett,* 50 Or. 329 [92 Pac. 820]. If counsel could properly argue that the sheriff, under-sheriff, and chief deputy had not been called, why might he not with perfect propriety secure a list of all of the acquaintances of the defendant and so argue as to each and every one of them? And yet, of course, the number of character witnesses which may be called rests in the sound discretion of the trial court. We are of the opinion, therefore, that it was erroneous for the district attorney to so argue.

[5] Referring now to the specification of error designated as G, which complains of the court's failure to instruct the jury that the defendant was entitled to the individual opinion of the jurors, we can probably add nothing to what was said or the admonition given to trial courts concerning the right of a defendant to an instruction that he is entitled to the individual opinion of the jurors in the cases of *People* v. *Dole,* 122 Cal. 486 [62 Am. St. Rep. 50, 55 Pac. 581], *People* v. *Howard,* 143 Cal. 316 [76 Pac. 1116], and *People* v. *Singh,* 20 Cal. App. 146 [128 Pac. 420].

Standing alone, the last error did not constitute reversible error, but we have now to determine whether or not the errors heretofore pointed out constitute prejudicial error under section 4½ of article VI of the constitution. We have carefully examined the transcript of the testimony, and while from that reading, unaided by the opportunity to judge of the credibility of the witnesses by seeing and hearing them,

we are inclined to the belief that the defendant may have sold the liquor, we cannot say that there is no reasonable doubt upon the subject. The testimony for the People came from the two officers, who, according to several of defendant's witnesses, were drinking quite heavily during their operations at the beach. The defendant did not take the stand and deny the sale, but rested upon the presumption of innocence, and while it was not assigned as error, there is in the argument of the district attorney a statement which the jury might well consider to have meant that the defendant did not take the stand and deny the sale. The defendant's brother, Wesley Harris, and his wife, Mrs. Carrie Harris, both testified they were around the store and room constantly; that they saw no liquor around the place and saw no sale to either of the officers. The testimony of the officers as to the sale on the 9th (the subject of the third count) was met by the testimony of the witness J. H. Weileb, who says he was in the room when the sale is claimed to have been made and that he saw no liquor sold or delivered to the officers, and while it is true that the evidence appears sufficient in cold print to support a verdict, it is at least some indication that the jury entertained some doubt that they acquitted on the first and third counts, even though they were told to disregard the testimony of good character, of which there was an abundance. We cannot in doubtful cases say that section 4½ of article VI of the constitution has cast upon the appellate tribunal the duty of substituting itself for the jury in determining the guilt or innocence of the defendant. As was said by the supreme court very recently in the case of *Wright* v. *Broadway Department Store*, 199 Cal. 562 [250 Pac. 572], the error of the court "probably affected the damages awarded" and "the evidence . . . was so evenly balanced" that without the erroneously admitted testimony "a contrary verdict might have been rendered." Our conclusion is, therefore, that the error complained of is prejudicial.

We do not consider it necessary to discuss at length the assignments of error in the refusal of the court to give the instruction requested by the defendant relating to the essentials of the offense, first, because the instruction requested by the defendant is not free from error, and, second, because upon a retrial the court will not probably content itself

with referring to a sale "contrary to the provisions of the Wright Act of this state."

And again we find no occasion to pass upon the question of prejudicial error in the assignment designated as D. So far as it is concerned the jury were properly instructed as to the matters and things they might take into consideration for the purpose of determining the credibility of the witnesses, and this instruction would give them the right to consider the intoxication of the officers at the time of purchase, if they were in fact intoxicated.

[6] Appellant also complains because the court instructed the jury that if any of them were members of the order of Elks they should remember that their duty as jurors transcended in importance any obligation they might under other circumstances feel toward the defendant by reason of being a member of the same order. Appellant is probably correct in saying that if one of the jury did belong to this American order, that his feeling would be one of resentment against the defendant if he believed him to be guilty, and that he had by his failure to observe its fundamental teaching of upholding the laws of the country brought reproach upon it, but the admonition of the court was in itself proper. It was but another way of saying that no relationship, fraternal or otherwise, should be permitted to influence them in arriving at a verdict.

The judgment and order are reversed.

Works, P. J., and Craig, J., concurred.