[Crim. No. 1453. First Appellate District, Division Two.—February 29, 1928.]

THE PEOPLE, Respondent, v. FRANCISCO RINALDI, Appellant.

John J. Taaffe for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—Appellant was convicted of lewd and lascivious acts upon the body of a girl, Anna, who at that time was just under twelve years of age. ██ The information charged the offense as occurring on or about January 14, 1927. No opening statement was made. The child was called to the stand as the first witness and after a few preliminary questions she was asked when was the last time that defendant had done anything to her. She first answered in the basement in January, 1927, and upon further questioning said that defendant had done nothing . at that time. This testimony evidently referred to a time when her mother came into the basement and called her away, January 21, 1927. Then, after considerable questioning, her further answers disclosed that in December, 1926, in the basement of their house, defendant had committed acts which at most amounted to indecent exposure. She was then asked if anything happened after that time. She answered yes, in the house in the bedroom. When asked what happened in the bedroom, appellant's counsel objected upon the ground that by offering the evidence which had already been admitted the district attorney had elected or at least the law had elected for him to rely upon the offense testified to as occurring in the basement in December. Thereupon the court asked the district attorney what act he elected and the district attorney replied that he was relying on an act that happened in the bedroom some time after Christmas, on or about January 14, 1927. The court then overruled the objection directing that the evidence be confined to the act elected until established before offering testimony of similar acts.

It is claimed that it was error for the court to allow the district attorney to elect a different offense than the one concerning which testimony was first offered because it is said that by the first evidence offered an election was made. Authorities are cited by appellant in support of the necessity of making an early election and in support of the contention that in the absence of a timely election the first offense proven is deemed to have been elected; but it is only

by specious argument that these principles are made to appear applicable to the facts of this case. Here the election was promptly made upon the first objection and almost at the beginning of the direct testimony of the first witness, so that appellant was in no way misled. It amounted to no more than a variation in the order of proof. The evidence was ultimately admissible. This first evidence of defendant's misconduct came in as a result of the difficulty of getting the child's mind directed to the particular time and place of the crime relied upon without asking leading questions. We see no merit in this point and it is especially true that the defendant was not prejudiced by the ruling nor by the fact that evidence of this misconduct preceded the proof of the particular crime relied upon for conviction.

It is contended that instruction No. 5 by the use of the word *acts* instead of *act* in some places had the effect of informing the jury that the prosecution had elected to rely upon several different crimes committed at different times and places all on or about January 14, 1927. This instruction reads as follows: ''The prosecution has selected acts testified to by the witnesses as having been committed on or about the 14th day of January, 1927, and has elected to rely on proof of such acts for conviction in this case. Testimony has been introduced by the prosecution tending to prove other acts of lewd and lascivious conduct of the defendant prior to the act relied upon for conviction. This evidence is introduced for the purpose of proving the lewd and lascivious disposition and tendency of the defendant to commit lewd and lascivious acts. This evidence is not introduced to prove distinct offenses, but corroborative evidence tending to support the one specific offense for which the defendant is being tried.'' The general substance of this instruction has been approved in *People* v. *Troutman,* 187 Cal. 313 [201 Pac. 928], and *People* v. *Wilhite,* 49 Cal. App. 246 [193 Pac. 151]. Considered as a whole and in connection with instruction No. 4, which used the singular form of the word *act* and in connection with the evidence and the definite specification by the district attorney of the offense elected, the jury would not be warranted in understanding this instruction to mean that several different crimes occurring at different times and places had been elected, on any of which they were at liberty to convict the defendant. The

election specified the place as the bedroom. Although many different similar crimes were testified to, Anna testified to only two occurrences amounting to the crime denounced in Penal Code, section 288, as having occurred in the bedroom. One of these was fixed as having occurred before Christmas and the other on January 14, 1927.

The court rejected the following requested instructions:

"Good character itself may, in connection with the evidence, generate a reasonable doubt and entitle the defendant to a verdict of not guilty, even though ño such doubt would have existed but for such good character."

"If the character testimony introduced in behalf of defendant creates in your mind a reasonable doubt, you must vote for a verdict of not guilty."

The court, however, did give instructions which substantially and more accurately include all elements attempted to be put forward by those rejected. They are:

"The good character of a person accused of crime when proven is itself a fact in the case. It is a circumstance tending in a greater or lesser degree to establish his innocence. It must be considered in connection with all the other facts and circumstances of the case. But if after a full consideration of all the evidence adduced, the jury believes the defendant to be guilty of any crime, they should so find, notwithstanding proof of good character.

"If upon an entire comparison and consideration of the whole evidence, there remains in your minds a reasonable doubt as to the guilt of the defendant, you must acquit him."

These instructions given are not claimed to be erroneous. The same good character instruction was expressly approved in *People* v. *Smith*, 59 Cal. 601, 607. The rejected instructions, on the other hand, contain inaccuracies. Reasonable doubt should be reasonable doubt as to defendant's guilt and that doubt should come from all the evidence at the end of the case, for doubt from one or more parts of the evidence may arise at one time during the trial and be removed later by other competent evidence.

In *People* v. *Bell*, 49 Cal. 485, relied on by appellant, the instruction given in place of the rejected one did no more than tell the jury that good character was a circumstance

for their consideration and this was said to add nothing to the mere fact of admitting the testimony.

In *People* v. *Harris,* 80 Cal. App. 328 [251 Pac. 823], relied on by appellant, the substituted instruction also omitted an important element of the rejected one. The court there said that, "If the court . . . had even gone so far as to instruct the jury that testimony of good character was to be considered as any other testimony for the purpose of determining whether or not the defendant was guilty, then the instruction would not have been erroneous."

Here, however, the given instructions informed the jury that good character proven is a fact in the case, that it tends to establish innocence, that it must be considered with all the other facts, that if considering all the evidence the jury believes the defendant guilty they may so find notwithstanding proof of good character and also if from the whole evidence there remains a reasonable doubt as to guilt they must acquit. There was no error in refusing the instructions requested.

■ The sufficiency of the evidence is attacked on account of contradictory statements made by Anna which are made to appear by a comparison of her statement to the police, her testimony at the preliminary examination, and at the trial. These contradictions concern matters which could be all stricken out without leaving the remaining evidence insufficient or unconvincing. Considering Anna's immature mind and the conditions and circumstances under which her statements were made, the designated contradictions might reasonably have been ascribed by the jury to poor understanding and not to any tendency to falsify. Her testimony seems to us to be convincing and we cannot say the jury was not well warranted in believing it. There was nothing inherently improbable about her story in its vital particulars. Her mother's testimony especially, and her sister's testimony also, furnish corroboration. Appellant's conduct upon being accused by Anna's mother constituted some evidence of his guilt.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.