[Crim. No. 2512. Second Appellate District, Division One.—April 5, 1934.]

THE PEOPLE, Respondent, v. VERNON E. CRANE et al., Appellants.

Alexander L. Oster for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.—In an information the defendants were jointly accused of the crime of robbery. By verdicts of the jury, they were each found guilty of robbery in the first degree. From the judgments of conviction, and from the order denying their motion for a new trial, they prosecute this appeal.

Appellants specify the following as errors on the part of the trial court by which they were prevented from having a fair trial:

"1. Error of the trial court in refusing certain instructions requested by the defendants and appellants, and giving certain instructions of its own motion.

"2. Error of the trial court in giving certain instructions requested by the People.

"3. Error of the trial court in the admission of certain evidence.

"4. Error of the trial court in denying defendants' motion for a new trial."

This case was argued at length by appellants' attorney, and considering this argument, together with the arguments advanced in appellants' opening brief—the attorney stating that his oral argument would take the place of a closing brief—I am unable to find anything in any of the points advanced that really in my opinion merits discussion.

There was direct evidence connecting the defendants with the robbery and the jury was correctly and fully instructed as to the law of the case, such instructions following forms approved by our Supreme Court. There is nothing in any of the propositions submitted by appellants that raises any real questions, except only one that would require this court to weigh the evidence. Where there is direct evidence to sustain the conviction, and the jury is correctly instructed, this court is certainly without any power to consider the weight of the evidence.

The judgments and order are affirmed.

Houser, J., concurred in the judgment.

CONREY, P. J., Concurring.—I concur in the judgment. The instruction given to the jury, relating to the evidence

of reputation of the defendants "for truth, honesty and integrity and for peace and quiet", is criticised by appellants, because the court, after stating (in language to which no objection is made), the rule concerning the application of such evidence to the case, further instructed the jury as follows: "However, if you are satisfied to a moral certainty and beyond a reasonable doubt that the defendants or either of them is guilty as charged in the information herein, it will be your duty to so find, notwithstanding such evidence of good character." In support of appellants' claim that this was error, they rely upon *People* v. *Harris,* 80 Cal. App. 328 [251 Pac. 823], and other cases therein cited. That decision is among those considered in *People* v. *Miller,* 126 Cal. App. 162, 168 [14 Pac. (2d) 342], where the subject is reviewed at length, and the conclusion is plainly indicated that an instruction which fully and correctly defines the consideration which should be given by the jury to evidence of good character, is not rendered erroneous by the addition of a clause such as that above quoted, given in the case at bar. The court having thus given an appropriate instruction bearing upon the evidence of good reputation, there was no error in refusing defendants' proposed instruction No. 16 on the same subject.

Appellants contend that the court erred in giving the instruction concerning the evidence of flight of the defendants from the scene of the crime. The instruction as given is taken *verbatim* from section 1127c, as added to the Penal Code by Statutes of 1929, page 1939. That is sufficient authority for the instruction unless, as contended by defendants, that section is unconstitutional on the ground that it provides for a charge to the jury with respect to matters of fact. (Const. of California, art. VI, sec. 19.) It is true that certain instructions on the subject of flight, which frequently had been given by the trial court, were severely criticised by the Supreme Court. One of the grounds of criticism was that those instructions invaded the province of the jury. (*People* v. *Jones,* 160 Cal. 358, 369 [117 Pac. 176]; *People* v. *Erno,* 195 Cal. 272, 280 [232 Pac. 710]; *People* v. *Goodwin,* 202 Cal. 527, 540 [261 Pac. 1009].) But the instruction provided for by section 1127c, and given to the jury in the case at bar, seems to have been carefully written to avoid the imputation of an instruc-

tion "with respect to matters of fact". I suspect that the legislators obtained a hint from *People* v. *Ellis*, 188 Cal. 682, 693 [206 Pac. 753, 758], where the instruction under review referred to evidence of an escape of the defendant after arrest. The Supreme Court said: "The jury was correctly told that it was 'a circumstance' which it might consider 'in determining his (defendant's) guilt or innocence', and it was in nowise misleading or uncertain or ambiguous, and substantially conformed to the law, as above stated."