[Crim. No. 374.    Fourth Appellate District.—January 6, 1939.]

THE PEOPLE, Respondent, v. EDWARD S. MOUNT, Appellant.

Wardwell D. Evans for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged, in separate counts, with an attempt to violate section 288a of the Penal Code and with an attempt to commit the crime of rape. A jury found him guilty on both counts and he was sentenced to serve a term in the penitentiary, the sentences on the respective counts to run concurrently. He has appealed from the judgment and from an order denying his motion for a new trial.

For obvious reasons it is not contended that the evidence is not sufficient to sustain the judgment. A reversal is sought mainly on the ground that the prosecuting attorneys were guilty of misconduct which amounted to prejudicial error. While the appellant's brief sets forth some twenty quotations from the arguments of these attorneys before the jury, any attempt to point out misconduct or prejudice is confined to a very few of them. Most of these quotations disclose nothing objectionable and are within the established rule that counsel is entitled to "state fully his views as to what the evidence shows, and as to the conclusions to be fairly drawn therefrom". (*People* v. *Sieber*, 201 Cal. 341 [257 Pac. 64].)

Turning to those instances in which some argument is presented the first is where a deputy district attorney, in the course of his argument, said: "It has not been so long ago since a sex fiend was here in this community." While this was improper the only objection made by the appellant

was that it was not based upon the evidence in the case and the court instructed the district attorney to keep within the testimony. Ordinarily it is the duty of counsel for the defense to assign such matters as misconduct or request the court to instruct the jury to disregard it. (*People* v. *Sieber, supra.*) No such assignment or request was here made and after the admonition of the court the matter was dropped.

The next portion of the argument objected to is as follows:

" . . . and I want to tell you, ladies and gentlemen, that in my opinion when you are out of this jury box and you saw this woman and she related her story to you as she related it to the officers making the investigation, there would be no question in your mind as to the guilt of the man that assaulted her".

At the request of counsel for the appellant the court instructed the jury to disregard this remark. In speaking of the prosecuting witness a deputy district attorney said:

"There hasn't been any evidence in this case to indicate that her past record was bad. It could not be produced, or it would have been; and I say to you that the defense in this case is, as they always are, an attempt to blacken and besmirch her character."

While it was improper to state that such evidence could not be produced or to say that it would have been produced if it had been possible to do so, no objection of any kind was made and there was no assignment of misconduct or request that the jury be instructed to disregard it. In this connection it is argued that it was improper in this case for the district attorney to mention any attack upon the prosecuting witness because the appellant had made no attempt to attack her character other than by what he himself said. This was sufficient, however, to justify the general argument that was made in this regard by the district attorney.

It is next contended that prejudicial misconduct appears in the following portion of the district attorney's argument:

"I might say a word as to his character. Counsel said to you there wasn't one iota of evidence against his character. The law of the State of California does not permit the district attorney to put any evidence in against the character of the defendant unless he himself first produces evidence of good character. Of course that wasn't done, so ladies and

gentlemen, that issue is not in the case at all. We don't know anything about his past, except what he told us about how many bars he frequented. That is all we know about his past.''

The appellant relies upon the rule laid down in *People* v. *Harris,* 80 Cal. App. 328 [251 Pac. 823], that it is improper for the prosecuting attorney to argue that the state cannot introduce evidence of bad character until the defendant has introduced evidence of his good character. It not only appears here that counsel for the appellant had somewhat opened the door for this argument by himself arguing that there was no evidence against the character of his client, but it again appears that no objection was made at the time and there was no assignment of misconduct or request for instruction. In any event, no possible prejudice could have resulted in view of the admissions and evidence made and given by the appellant on the stand.

It is further contended that the district attorney was guilty of prejudicial misconduct in asking certain questions which it is contended were not asked in good faith, but merely for the purpose of prejudicing the jury against the appellant. These questions, asked of a witness for the appellant, were as to whether that witness had, at the request of the appellant, endeavored to induce the prosecuting witness to withdraw her charges, and whether the appellant had not asked the witness to undertake such a mission. It is argued that this was an attempt to show that the appellant was guilty of another offense, that of compounding a felony, and that it appears that the questions were not asked in good faith because after the witness had answered the questions in the negative no attempt was made by the district attorney to offer any impeaching witnesses. No bad faith appears and it became unnecessary for the district attorney to offer impeaching evidence when the appellant himself, from the witness stand, practically admitted the essential facts. He testified that he had made an effort to see the prosecuting witness in order to induce her to drop the case, and that ''I asked Charlie (the witness last above referred to) if he would see the girl probably she would drop the charges.''

The only other point raised is that the court erred in decisions of law during the course of the trial. The only new matter here suggested is that the court erred in refusing to permit the appellant to bring out an entire conversation, a

portion of which had been admitted. We are not even referred to the portion of the conversation which was brought out and if we assume that error occurred no attempt is made to show how it could have been prejudicial.

While certain errors appear, none of them could be deemed sufficiently prejudicial to justify a reversal. This is not one of those close cases where it may reasonably be said that an existing error might have influenced the jury or affected the result. The physical evidence in the case demonstrated that the appellant's version of the affair, as told on the witness stand, was not and could not be the truth. The convincing nature of the evidence here, aside from any other consideration, brings any error which appears squarely within the meaning and intent of section 4½ of article VI of the Constitution.

The judgment and order appealed from are affirmed.

Marks, J., and Griffin, J., concurred.