[Crim. No. 6740.   Second Dist., Div. Two.   Dec. 18, 1959.]

THE PEOPLE, Respondent, v. CHARLIE FRANKS, Appellant.

Jack Dunaway for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

HERNDON, J.—Appellant was charged with a violation of Penal Code, section 288. The court found him guilty of contributing to the delinquency of a minor (Welf. & Inst. Code, § 702), a lesser but necessarily included offense.  His motion for a new trial was denied and probation was granted for three years on the condition, among others, that he would not

associate with children under 21 years of age except in the presence of responsible adults. This appeal is from the order denying appellant's motion for a new trial and from the order granting probation. Appellant's contentions are that (1) the evidence "clearly preponderates" against the judgment and (2) the rule that good character of itself can raise a reasonable doubt was disregarded by the court. There is no merit in either of these claims.

Appellant does not deny that there was substantial evidence to support the findings of the trial judge. Neither does he argue that any of the testimony relied upon by the prosecution is inherently incredible or improbable. His argument that the evidence "preponderates" in his favor and his suggestion that this court should reweigh the evidence betray an obvious misconception of the controlling principles of appellate review. In these circumstances, it would serve no useful purpose to burden the reports with a recital of the distressing details of the incriminating evidence. Suffice it to say that we have reviewed the record; it discloses that appellant was accorded a fair and impartial trial and that his conviction is sustained by substantial credible evidence.

The defense relied upon denials of the episode by appellant, testimony of certain other persons who were in the vicinity at the time in question, but who could not have been eyewitnesses to the crime, and a number of witnesses who testified to appellant's good character. It is well established that it is for the trier of fact to resolve any inconsistencies in the evidence and to determine whether the defendant's story and the testimony of his witnesses should be believed. (*People* v. *Von Benson,* 38 Cal.App.2d 431, 434 [101 P.2d 527].)

While good character, when proven, is itself a fact in the case (*People* v. *Wilson,* 23 Cal.App. 513, 523-524 [138 P. 971]), and may be proven as tending to establish innocence (*People* v. *Baldocchi,* 10 Cal.App. 42, 47 [101 P. 28]), it does not follow that the accused must be acquitted merely because he has produced evidence of a good reputation. (*People* v. *Bell,* 49 Cal. 485, 490.) The weight to be accorded evidence of good reputation is for the trier of fact to determine. (*People* v. *Samsels,* 66 Cal. 99, 101 [4 P. 1061]; *People* v. *Kalkman,* 72 Cal. 212, 217 [13 P. 500]; *People* v. *French,* 137 Cal. 218, 219 [69 P. 1063].)

In the case at bar, there is nothing in the record to support appellant's contention that the trial court disregarded the

testimony as to his good character. The most reasonable interpretation of the trial court's finding is that while it believed that appellant may have enjoyed a reputation for good character, it still believed that appellant committed the offense in question.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.